## IN THE MATTER OF THE ESTATE OF ROSE COOK, A MINOR.

*Infants—Leasing of real estate—Order of probate court—Appeal— Trial by jury.*

1. How. Stat. § 6779, which provides that any person aggrieved by any order of a judge of probate may appeal therefrom to the circuit court of the same county, does not authorize the father of an infant, who has no legal interest in its estate, to appeal from an order authorizing the guardian of the infant to lease its land.

2. If an appeal can be taken from an order of the probate court authorizing the guardian of an infant to lease its real estate, the question whether it is for the best interest of the infant that the lease should be made is not triable by a jury.

Error to Wayne. (Brevoort, J.) Argued January 19, 1894. Decided February 12, 1894.

James B. Cook, the father of the minor, appealed from an order of the Wayne probate court authorizing her guardian to lease her real estate. The guardian brings error from the judgment of the circuit court, reversing the order appealed from. Reversed, and no new trial ordered. The facts are stated in the opinion.

*Walter Barlow* (*Henry M. Duffield*, of counsel), for appellant.

*James H. Pound*, for appellee.

LONG, J. Lorenzo D. Haggerty was appointed the general guardian of Rose Cook, July 25, 1885, by an order of the Wayne probate court. December 26, 1889, he made petition to that court, showing that about $4,000 of personal property had come into his hands belonging to his ward, and that all but about $600 had been expended, and that it would soon become necessary to sell certain real estate for her support and maintenance, and the expenses of managing said estate, including further probable expenses, but that he did not deem it expedient to sell said estate, if permitted to make a lease of the same; that he could lease the property for brickmaking for five years, and receive 25 cents per 1,000 for all brick so manufactured, and, in his opinion, it would bring in a good revenue, and leave the land of but little less value than at present. The court made an order authorizing the lease, the order reciting that it appeared to be for the best interest of the estate. From this order James B. Cook, the father of the minor, appealed to the circuit court.

In the claim for appeal it is stated that the claimant is the father of the infant, and the reasons given for the appeal are:

1. That the price fixed by the lease for rental is not for the best interest of the child, and that a better price for the clay upon the land can readily be obtained in the market of Detroit.

2. That the infant is but eight years of age, and unable to protect herself by applying to the courts upon her own account.

3. That, as her father, he is interested in the welfare of the infant, and believes that said order dissipates her inheritance.

4. That the records of the probate court will show sufficient funds in the hands of the guardian to support the minor without leasing said land.

This appeal was allowed by the probate court, and came on to be heard in the circuit court before a jury. It does not appear that any issue was framed in the circuit court, or any formal pleadings put in. At the close of the charge of the court, the following special question was submitted to the jury:

" Is the lease proposed by the guardian in this case for the best interests of the minor, Rose Cook, and on the best terms which could be obtained?"

To this the jury returned, with their general verdict, the answer, " No." The bill of exceptions recites that the jury returned into court with a verdict reversing the order of the probate court, and which verdict has been duly recorded, and upon which a judgment has been entered; but the form of such verdict is not returned here.

On the hearing in the court below the appellant (Cook) was permitted to introduce evidence of the management by the guardian of the estate of his ward from the time of his appointment; the sales he had made of real estate; how he expended the money; that he had not counseled with the father about the management of it; and the claim was made that the guardian had mismanaged the estate, and had not filed his accounts in the probate court. In fact, the whole history of the management of the estate by the

99 MICH.—5.

guardian was permitted to be gone over, and was left to the jury, in the charge of the court, in determining the question whether the lease was for the best interests of the minor.

It appears that the father was never appointed guardian of the child, either general or special. Her property came from her mother; and before taking the appeal no application was made, nor has any application since been made, for the appointment of the father as next friend. He testified that he made the appeal as the father of the child. The appeal was taken under section 6779, How. Stat., which provides that—

"In all cases not otherwise provided for, any person aggrieved by any order, sentence, decree, or denial of a judge of probate may appeal therefrom to the circuit court for the same county."

In *Labar v. Nichols*, 23 Mich. 310, an appeal was taken from the allowance of an administrator's account. It was said:

"The statute declares that, in order to authorize a person to appeal, he must be 'aggrieved.' The general rule in regard to the interest which will authorize suits is that it must be a present and existing cause of action.　＊　＊　＊ There must be some interest."

Here nothing but property rights were involved, and the property was that of the minor, in which the father had no legal interest. In his own behalf he had no right of appeal, because it cannot be said that he was aggrieved. Under section 6323 the guardian has the entire control, under the direction of the probate court, of the estate of his ward, and the section provides that—

"He shall appear for and represent his ward in all legal suits and proceedings, unless where another person is appointed for that purpose as guardian or next friend."

In *Kinney v. Harrett*, 46 Mich. 89, it was said:

"Guardians by appointment have the authority the statute confers. By the statute the guardian has 'the care and management of the estate of the minor.' * * * He would have authority * * * to make leases of the real estate during the minority, and to transfer the possession to the lessee."

There is no statute authorizing the appeal·by the father upon the ground alone that he is the father of the infant. If any right of appeal from this order existed, it was only by being appointed next friend that the father could make it.

But the court was in error in supposing that the questions involved were triable by a jury. The only question was whether it was for the best interest of the minor to have the lease made. If the statute allows an appeal from such orders, it does not contemplate a general trial or a verdict.

The judgment below must be reversed, with costs against the appellant, Cook. No new trial will be granted.

We think it is a case, however, if the testimony given on the part of the appellant be true, that calls for some action on the part of the probate court to look into the accounts of the guardian. From the showing made, he has expended a large part of the estate of the infant within the four or five years he has acted as her guardian. Over $4,000 came into his hands as personal property. He says he has only about $600 left, and in the meantime he has sold and conveyed a large part of her real estate, and no account has been filed by him during that time. Why he has not done so does not appear. The infant is the ward of the probate court, and, if the estate is to be used as rapidly as it seems to have been by this guardian, some one better qualified should be appointed.

The other Justices concurred.