*In re* BRISTOL.

1. GUARDIAN AND WARD—ACCOUNTING—EQUITABLE CHARACTER OF PROCEEDING—PROVINCE OF JURY—DUTY OF COURT.

A guardian's accounting is an equitable and not a legal proceeding, involving not merely the ordinary items of debit and credit, but considerations as to the propriety of the actions of the guardian and as to the allowance of his compensation, and with these things a jury cannot meddle, but disputed matters of fact may be submitted on proper issues to a jury to determine definitely such specific facts as will, when found, aid the court in determining questions which belong to its equitable discretion.

2. APPEAL AND ERROR—SCOPE OF REVIEW—PROBATE COURTS—CHANCERY APPEALS.

The decision of the trial court upon disputed facts will not be reviewed by the Supreme Court on appeal from the circuit court, to which an appeal was taken from the probate court, nor will testimony be reviewed as upon an appeal in chancery.

3. PROBATE COURTS—GUARDIAN AND WARD—ACCOUNTING.

In a trial in the probate court without a jury, on an application for the allowance of a guardian's account, the trial judge may draw inferences from the facts.

4. SAME.

There is no question of law for review on an appeal from an order of the circuit court dismissing an appeal taken from an order of the probate court for the allowance of a guardian's final account where it is not asserted that the findings of fact of the trial court are not supported by the evidence or that they do not support the judgment.

Error to Genesee; Stevens, J. Submitted October 23, 1917. (Docket No. 167.) Decided December 27, 1917.

Delos Bristol presented his final account as guardian of Harlow Bristol, an incompetent. The account was allowed in the probate court, and Elizabeth Bristol and another appealed to the circuit court. Judgment dismissing appeal. Contestants bring error. Affirmed.

*William V. Smith* and *John H. Farly*, for appellants.

*George W. Cook*, for appellee.

PER CURIAM. An appeal was taken from an order of the probate court for the county of Genesee allowing the final account of Delos Bristol, who was, by appointment of the court, guardian of the person and estate of his father, Harlow Bristol, an incompetent person; his father being dead when the hearing was had. In the circuit court, by stipulation, the issues

were narrowed; it being agreed that no objection would be made to the allowance of the items of the account allowed in probate court except the item of $100 for services of the guardian, and that the issue of fact to be submitted to the jury involved the charging of the account—

"with the amount of money contained in a box in the possession of Harlow Bristol, the ward, which was brought to the attention of the guardian after his appointment as such, and which was also in the guardian's possession, and the mixed question of law and fact as to whether the guardian exercised due and reasonable prudence in failing to take possession of this box of money and preserving it for his ward; and also whether the guardian was not himself a party to a conspiracy to take this money and deprive the estate of the ward thereof."

The record affords no evidence that a jury was called. The issues seem to have been tried by the court, without a jury. Nor does it appear that the court was requested to make, or did make, a finding of facts or of law. There is, in the printed record, a "decision of the trial court," which concludes:

"On the whole case, as presented, after hearing the testimony on both sides, the court is of the opinion that the appeal should be dismissed, and the case remanded to the probate court for such further proceedings as may be proper."

No exception to any ruling appears. The appealing parties sued out a writ of error. The assignments of error are:

"*First.* The court erred in its determination that the guardian was not chargeable with the moneys contained in the tin box which came into the possession of the guardian as stated in his testimony and which he estimated to be $700 or $800, but which the widow of incompetent person claimed to be $1,400.

"*Second.* The court erred in allowing to the guardian any compensation for his execution of the trust."

Upon the first page of the record appears the following:

"It is hereby stipulated and agreed that on the hearing of the above matter the questions submitted to the appellate court shall be limited to the charging of the said guardian with the moneys claimed to have come into his possession from a tin box found in the hay mow, or to have come to his knowledge so that his duties as guardian required him to preserve the same. Also the matter of allowing to the said guardian of the sum of $100 as his compensation for the execution of his trust as such guardian."

The record being so, it is at once suggested whether any question is presented for consideration by this court. Counsel for appellee makes the suggestion. It has been the law in this State since *Gott* v. *Culp,* 45 Mich. 265 (7 N. W. 767), was decided that a guardian's accounting is an equitable and not a legal proceeding, involving not merely the ordinary items of debit and credit, but considerations as to the propriety of the actions of the guardian and as to the allowance of his compensation, and that with these things a jury cannot meddle. Matters of fact which are disputed may be submitted on proper issues to a jury to determine definitely such specific facts as will, when found, aid the court in determining questions which belong to its equitable discretion. See, also, *Chubb* v. *Bradley,* 58 Mich. 268 (25 N. W. 186); *In re Estate of Cook,* 99 Mich. 63, 67 (57 N. W. 1085). It is not the province of this court to review the decision of the circuit judge upon disputed facts (*In re Grammel's Estate,* 120 Mich. 487, 490 [79 N. W. 706]), nor to review testimony as upon an appeal in chancery (*In re Hoffman's Estate,* 183 Mich. 67, 70 [148 N. W. 268, 152 N. W. 952]).

It is apparent that in the case at bar the court found certain facts to exist. They are not before us in the form of definite findings, but it is evident that

the questions raised upon the trial must have been answered as the facts were found to be. It was the province of the trial court to draw inferences from the facts, and to determine whether the guardian was or was not negligent—whether a sufficient reason appeared for his admitted conduct. If we treat the decision of the trial court as a finding, it is not asserted that the findings of fact are not supported by evidence or that they do not support the judgment. It is conceded that whether the claim for compensation should be allowed depends upon whether, upon the other issue, it is determined that the guardian was guilty of nonfeasance or of malfeasance in the execution of his trust. We find no question of law presented for decision.

The judgment must be affirmed, with costs to appellee.