HOMRICH *v.* ALLEGAN CIRCUIT JUDGE.

1. GUARDIAN AND WARD—INSANE PERSONS—ALLOWANCE OF FINAL ACCOUNT—APPEAL TO CIRCUIT—JURY TRIAL.

   On appeal to the circuit court from the probate court by the guardian of a mentally incompetent person from an order disallowing certain items in his final account, he is not entitled to a jury trial unless issues of fact triable by a jury are involved, in which case issues should be framed under the direction of the court and the questions submitted (3 Comp. Laws 1915, § 14155); but the statute does not contemplate a general verdict, its purpose being to aid the court in determining questions which belong to its equitable discretion.

2. TRIAL—APPEAL BY GUARDIAN BELONGS ON LAW SIDE OF CALENDAR.

   Although an appeal to the circuit court from the allowance of the final account of the guardian of a mentally incompetent person is an equitable rather than a legal proceeding, it properly belongs on the law side of the calendar, and the court was therefore in error in ordering its transfer to the chancery side.

Mandamus by Henry Homrich, guardian of Ella

—————————————————————

[1]Juries, 35 C. J. § 70; [2]Trial, 38 Cyc. p. 1291.

Bender, a mentally incompetent person, to compel Orien S. Cross, circuit judge of Allegan county, to set aside an order transferring an appeal from probate court to the chancery side of the court.   Submitted January 18, 1927.   (Calendar No. 32,954.)   Writ granted April 1, 1927.

*Fred C. Temple*, for plaintiff.

*Taggart & Kingston*, for defendant.

McDONALD, J.   The plaintiff was appointed guardian of Ella Bender, a mentally incompetent person, by the probate court of Allegan county, Michigan.   During the first year of his administration the ward died. On the hearing of his final account as guardian, the court refused to credit him with certain investments which were held to be improper, and disallowed charges for services, expenses, and attorneys' fees.   He appealed to the circuit court for Allegan county, paid a jury fee and had the cause placed on the jury calendar.   Thereafter, on motion of the administrator, the circuit judge made an order transferring it to the chancery calendar.   The plaintiff seeks a writ of mandamus to compel the defendant to set aside this order and retransfer the cause to the jury calendar.

The only question presented is whether the court was in error in refusing the plaintiff a trial by jury.   It seldom occurs that there are any questions involved in respect to a guardian's account that can properly be left to a jury.   The proceedings are more in the nature of an accounting, and the questions involved are mostly addressed to the equitable discretion of the court.   The probate court has to do with the settlement of an account, and an appeal to the circuit court does not change the nature of the proceedings.   In *Mower's Appeal*, 48 Mich. 441, there was an appeal to the circuit court on the settlement of an administrator's account.   It was said:

"It is not contested that a settlement including such an allowance may be appealed to the circuit court; but it was never contemplated that when the case reached that court the judgment of a jury might be substituted for the discretion of the judge in respect to such allowances. The case of a guardian's account is strictly analogous, and we have heretofore had occasion to explain that, when the case is brought into the circuit court, it is to be dealt with as an equitable proceeding rather than a legal. *Gott* v. *Culp*, 45 Mich. 265."

In *Gott* v. *Culp*, the hearing was on an appeal from the settlement of a guardian's account. The court said:

"It seems to have been assumed that the proceeding in the probate court was one which, when removed into the circuit court, would become substantially a common-law controversy. This is a great mistake, and the statute has been misconstrued. A guardian's accounting is an equitable and not a legal proceeding. It involves not merely the ordinary items of debit and credit, but also considerations as to the propriety of charges and investments and as to the allowance of compensation, with which a jury cannot meddle."

But if there are involved any disputed questions of fact of a nature triable by a jury, an issue should be framed under the direction of the court and the questions submitted. This proceeding is provided for by the statute relative to appeals from the probate court. The applicable part reads as follows:

"If there shall be any question of fact to be decided, issue may be joined thereon, under the direction of the court, and a trial thereof had by jury." 3 Comp. Laws 1915, § 14155.

This statute does not contemplate a general verdict. Its purpose is to give a party the right to have a jury find "such specific facts as will, when found, aid the court in determining questions which belong to its equitable discretion." *In re Bristol*, 199 Mich. 453.

In the instant case we do not understand that there was involved any disputed question of fact which a jury might properly determine.   In his brief, counsel for the plaintiff says:

"The sole question here is, the power of the court to transfer the cause from the law side of the court to the equity side, thereby depriving petitioner of the benefit of the advice and counsel of the jury in the premises."

On this record the plaintiff is not entitled to a jury, but we think that the court erred in transferring the cause to the chancery calendar.   In taking that action he probably was misled by the language of the court in *Mower's Appeal, supra.*   It was there said that "when the case is brought to the circuit court it is dealt with as an equitable proceeding rather than a legal."   By this it was not meant that it became a chancery suit.   The nature of the questions involved on such an appeal is such that they cannot be fairly disposed of as in an ordinary suit at law.   But it is a common-law suit, differing from the ordinary lawsuit only in that it is to be tried by the application of broad principles of equity rather than the technical rules of law.   In that sense it is "an equitable proceeding rather than a legal."

The order transferring the case to the chancery calendar should be set aside.   If necessary, the writ will issue.   The plaintiff will have costs.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.