Cecelia Callaghan died testate, leaving a farm in Jackson county to her husband and four minor children in equal shares. December 29, 1921, her surviving husband William E. Callaghan was appointed guardian of the minor children. January 22, 1923, an inventory was filed showing the children received from their mother's estate $3,076.08. September 28, 1925, a petition to sell the real estate was filed, order of hearing entered and on October 29, 1925, license to sell the, real estate was issued to him to sell as guardian for $6,500. He gave a bond in the sum of $7,000. The same day he reported a sale of real estate at $6,500 to one Delong and wife. December 18, 1925, he reported the sale to Delong and wife had fallen through and he had made another sale of the real estate to Duffey and wife for $6,500 cash. This latter sale was confirmed. On January 9, 1926, his report showed he had on hand $3,076.08 belonging to the minors. He had not sold the real estate for cash but had taken back, to secure the balance due thereon, two mortgages; one of $3,076.08 to himself as guardian for the benefit of the minors, and a second mortgage of $2,123.92 to himself to secure his interest in the real estate, taxes and other expenditures made in behalf of the estate. Later he foreclosed his real estate mortgage of $2,123.92 and bid in the property subject to the mortgage of $3,076.08 to himself as guardian for the benefit of the children. A petition for accounting was had; the matter removed to the circuit court and in disposing of the case the court said: *Page 290 
"From the entire case and from a broad, equitable viewpoint, the guardian's offer to deed over to these minors the entire farm free and clear of his mortgage is about as good as they can ask under all the circumstances. The guardian has made his accounting and has offered to give back to these minors the farm which the mother possessed at the time of her death. There is absolutely no testimony that he has profited in any way from the estate, nor has he converted any of the estate to his own personal use."
Where an executor, administrator or guardian is called upon to account, such accounting is governed by the broad principles of equity and it is at all times competent for the accounting party unimpeded by technical rules, to show the fairness of his dealings, the real nature of the transaction and to restrict the amount for which he should be held liable to that which equity demands. No technical rules of pleading are enforced in these proceedings. The courts give to the rules of evidence the most liberal construction consistent with justice.Brown v. Forsche, 43 Mich. 492; Gott v. Culp, 45 Mich. 265;Loomis v. Armstrong, 49 Mich. 521; In re Bristol,199 Mich. 453.
Judgment of the trial court affirmed, with costs.
McDONALD, C.J., and WEADOCK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred. *Page 291