VAN ETTEN v MANUFACTURERS NATIONAL BANK OF
DETROIT

Docket No. 56625. Submitted March 5, 1982, at Detroit.—Decided
September 7, 1982.

John F. Dodge created a testamentary trust by which four of his
children would receive trust income during their lifetimes.
After the death of the last surviving child, the corpus of the
trust was to be distributed to the heirs of his named children.
In 1938, one of the four Dodge children died while on his
honeymoon. His wife, Annie Laurine Dodge (Van Etten) later
entered into a corpus purchase agreement and an assignment
of corpus with the three surviving Dodge children. Under the
terms of the agreement, Van Etten released any rights she may
have had in the corpus of the trust or any rights in the corpus
to which she might have later become entitled. In exchange she
received $1.25 million. In 1980, the last survivor of the four
Dodge children died, and the trust terminated. Proceedings
were commenced in Wayne Probate Court for distribution of
the corpus of the trust. Prior to any decision by the probate
court, Van Etten filed a complaint in Wayne Circuit Court
seeking reformation of the corpus purchase agreement on the
basis of mutual mistake. Defendants, Manufacturers National
Bank of Detroit, as trustee under the will of one of the four
Dodge children, and others, filed a motion to dismiss the
complaint on the ground that the circuit court lacked subject
matter jurisdiction. The trial court, Irwin H. Burdick, J., found
that the probate court had either exclusive or concurrent
jurisdiction of the matter and held that the probate court was
empowered to grant the equitable relief sought by plaintiff. The
matter was removed to the Wayne Probate Court to be consoli-
dated with the pending Dodge trust proceedings. Plaintiff ap-
peals by leave granted. *Held:*

The probate court does not have equitable jurisdiction to
entertain an action to reform a written instrument.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts §§ 10, 17, 98.

[2, 4] 20 Am Jur 2d, Courts §§ 32, 104.

[3] 20 Am Jur 2d, Courts §§ 106, 126.

66 Am Jur 2d, Reformation of Instruments §§ 1, 94, 95.

1. COURTS — CIRCUIT COURTS — JURISDICTION.

   The Michigan Constitution vests original jurisdiction in the circuit court in all matters not prohibited by law (Const 1963, art 6, § 13; MCL 600.601; MSA 27A.601).

2. COURTS — PROBATE COURTS — JURISDICTION.

   The probate court derives none of its jurisdiction or power from the common law, but must find the warrant for all of its doings in the statutes; its jurisdiction, powers, and duties are prescribed by law (MCL 600.841; MSA 27A.841).

3. EQUITY — CONTRACTS — REFORMATION.

   An action to reform a written contract is not maintainable in an action at law; equity courts have exclusive jurisdiction in instances where a party seeks reformation of a written instrument.

4. COURTS — PROBATE COURTS — EQUITY — CONTRACTS — REFORMATION — REVISED PROBATE CODE.

   The Legislature, in enacting the Revised Probate Code, did not expressly provide probate courts with general equity jurisdiction whenever a matter involving an equitable issue is ancillary to the settlement of a trust or estate; therefore, the probate court does not have equitable jurisdiction to entertain an action to reform a settlement contract and to order restitution of unpaid amounts in a matter which is ancillary to the termination distribution of a testamentary trust (MCL 700.1 *et seq.;* MSA 27.5001 *et seq.).*

*Fildew, Hinks, Gilbride, Miller & Todd* (by *Jonathan N. Wayman),* for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg,* for Manufacturers National Bank of Detroit.

*Bodman, Longley & Dahling* (by *Louis F. Dahling* and *Charles N. Raimi),* for Joseph Freedman.

Before: BEASLEY, P.J., and D. C. RILEY and P. J. MARUTIAK,* JJ.

BEASLEY, P.J. Plaintiff-appellant, Annie Laurine

* Circuit judge, sitting on the Court of Appeals by assignment.

Dodge Van Etten, appeals by leave granted from a circuit court order granting defendants' motion to remove to the probate court plaintiff's chancery proceeding to reform a 1940 settlement agreement on the basis that the issues sought to be raised are ancillary to the pending probate proceedings. Thus, we are called upon to determine whether, under the Revised Probate Code,[1] the probate court possesses equity jurisdiction to reform a settlement contract and to order restitution of unpaid amounts when the matter is ancillary to the termination distribution of a testamentary trust.

The testator, John F. Dodge, who died in 1920, created a testamentary trust in which four of his children, Winifred Dodge Seyburn, Isabel Dodge Sloan, Daniel George Dodge, and Frances Dodge Johnson Van Lennep, would receive trust income during their lifetimes and, after the death of the last surviving child, the corpus of the trust was to be distributed to the heirs of his named children.

On August 15, 1938, at age 21, Daniel George Dodge drowned while on his honeymoon. His surviving wife, plaintiff, Annie Laurine Dodge (Van Etten), was then still in her teens. She elected to take her statutory share of his estate in lieu of taking under his will. On July 9, 1940, she entered into a so-called Corpus Purchase Agreement and an assignment of corpus with her three sisters-in-law, Winifred Dodge Seyburn, Isabel Dodge Sloan, and Frances Dodge Johnson (later Van Lennep), who were the three surviving life beneficiaries of the trust. Under this agreement, they paid plaintiff $1.25 million for:

"All right, title and interest which First Party [Annie

[1] MCL 700.1 *et seq.;* MSA 27.5001 *et seq.*

Laurine Dodge] may now or at any time hereafter, or upon the happening of any contingencies, have or become entitled to by virtue of being widow and heir of Daniel George Dodge, deceased, or for any other reason or upon any claim whatsoever, in or to any of the principal or corpus of the Estate now held in the residuary Trust under Paragraph 20, sub-paragraph 14(h), of the Will of John F. Dodge, deceased, * * *."

On January 3, 1980, when Winifred Dodge Seyburn, the last surviving child, died, the Dodge trust terminated by its terms. Shortly thereafter, proceedings were commenced in the Wayne County Probate Court for distribution of the trust corpus.

On August 8, 1980, prior to decision by the probate court determining the distribution of the Dodge trust, plaintiff filed a complaint in the Wayne County Circuit Court seeking reformation of the 1940 corpus purchase agreement on the basis of mutual mistake regarding the nature of the interest which plaintiff conveyed to the then three surviving daughters of John F. Dodge.

Defendants filed a motion to dismiss the complaint on the ground that the circuit court lacked subject matter jurisdiction. On October 31, 1980, pursuant to the Revised Probate Code,[2] the trial judge found that the probate court had either exclusive or concurrent jurisdiction of the matter. Additionally, the trial judge held that the probate court was empowered to grant the equitable relief sought by plaintiff. Thus, the matter was removed to the Wayne County Probate Court to be consolidated with the pending Dodge trust proceedings.[3] From this order, plaintiff appeals by leave granted.

---

[2] MCL 700.21, 700.22; MSA 27.5021, 27.5022.

[3] On October 20, 1980, the probate court filed a thorough, carefully drawn opinion directing distribution of the trust corpus, which ruling is now on appeal to this Court.

On appeal, plaintiff claims that the probate court is not vested with equitable power to reform a written instrument and, thus, the trial court erred in removing the action to the probate court.

The Michigan Constitution vests original jurisdiction in the circuit court in all matters not prohibited by law.[4] In MCL 600.601; MSA 27A.601, the jurisdiction of the circuit court is set forth:

"Circuit courts have the power and jurisdiction

"(1) possessed by courts of record at the common law, as altered by the constitution and laws of this state and the rules of the supreme court, and

"(2) possessed by courts and judges in chancery in England on March 1, 1847, as altered by the constitution and laws of this state and the rules of the supreme court, and

"(3) prescribed by rule of the supreme court."

The jurisdiction and power of the probate court is set forth in MCL 600.841; MSA 27A.841 as follows:

"The probate court has jurisdiction and power as follows:

"(a) As conferred upon it under the revised probate code.

"(b) As conferred upon it under chapters 10, 11 and 12a of Act No. 288 of the Public Acts of 1939, as amended, being sections 710.21 to 712a.28 of the Michigan Compiled Laws.

"(c) As conferred upon it under Act No. 258 of the Public Acts of 1974, as amended, being sections 330.1001 to 330.2106 of the Michigan Compiled Laws.

"(d) As conferred upon it under this act.

"(e) As conferred upon it pursuant to any other law or compact."

_____

[4] Const 1963, art 6, § 13. Article 6, § 15 provides that the probate court's jurisdiction, powers, and duties shall be provided by law.

In *Grady v Hughes,*[5] the Supreme Court discussed the probate court's jurisdiction:

"The probate court derives none of its jurisdiction or power from the common law, but must find the warrant for all of its doings in the statute. Its jurisdiction, powers, and duties are prescribed by law."

In *Johnson v Douglas,*[6] it was specifically stated that probate courts do not possess equitable powers:

"Defendant questions the jurisdiction of a court of equity over the claims presented in the probate court and sought to be litigated here. There is no question that the probate court has exclusive jurisdiction over the probate of estates, except where the *interposition of chancery is necessary for some auxiliary purpose. Powell v Pennock,* 181 Mich 588 [148 NW 430 (1914)]. Equity has jurisdiction over suits for specific performance of contracts concerning land, especially where there is a dispute in the amount and an accounting is necessary between the parties before specific performance may be decreed. Though the statute, 3 Comp Laws 1929, § 15673, provides for the conveyance by an executor or administrator of land sold on land contract upon compliance with the contract, the probate court is *not an appropriate forum for* the determination of disputed questions of fact in relation to the amount due upon the contract. Such questions are cognizable by a court of equity. *Dakin v Dakin,* 97 Mich 284 [56 NW 562 (1893)]."

An action to reform a written contract is not maintainable in an action at law. Equity courts

<hr>

[5] 64 Mich 540, 545; 31 NW 438 (1887).

[6] 281 Mich 247, 260; 274 NW 780 (1937). Of course, the Legislature may vest the probate court with equitable powers. *In re Thayer's Estate,* 210 Mich 696; 177 NW 978 (1920); *Scholten v Scholten,* 238 Mich 679; 214 NW 320 (1927).

have exclusive jurisdiction in instances where a party seeks reformation of a written instrument.[7] Thus, unless the Revised Probate Code provides probate courts with general equitable powers, the circuit court is the only forum which can entertain an action to reform a written instrument.

The Revised Probate Code vests the probate court with exclusive jurisdiction in the following matters:

"(a) Matters relating to the settlement of the estate of a deceased person, whether testate or intestate, who was at the time of death domiciled in the county or was at the time of death domiciled without the state leaving an estate within the county to be administered.

"(b) Trusts and trustees in the execution of wills and administration of estates of deceased persons.

"(c) Proceedings concerning the internal affairs of trusts including proceedings concerning the administration and distribution of trusts and the declaration of rights or the determination of other matters involving trustees and beneficiaries of trusts, including proceedings to:

"(i) Appoint or remove a trustee.

"(ii) Review the fees of a trustee.

"(iii) Review and settle interim or final accounts.

"(iv) Ascertain beneficiaries.

"(v) Determine any question arising in the administration or distribution of any trust, including questions of construction of wills and trusts; instruct trustees, and determine relative thereto the existence or nonexistence of an immunity, power, privilege, duty, or right.

"(vi) Release registration of a trust.

"(d) Appointment of a guardian, limited guardian, or conservator in cases prescribed by law, resolution of any contested matter in respect to the estate or ward, and settlement of the estate."[8]

---

[7] *Jensen v Shevitz*, 234 Mich 212, 215; 207 NW 823 (1926); 19 Michigan Law & Practice, Reformation of Instruments, § 21, p 446.

[8] MCL 700.21; MSA 27.5021.

When ancillary to the settlement of an estate or trust, the probate court has concurrent jurisdiction of the following:

"(a) To determine the validity of and resolve claims involving title to real and personal property.

"(b) To authorize partition of property.

"(c) To authorize specific performance of a contract in a joint or mutual will or of a contract to leave property by will.

"(d) To ascertain survivorship of parties.

"(e) To bar a mentally incompetent or minor wife from her dower right in the real estate of her living husband as provided in section 2931 of Act No. 236 of the Public Acts of 1961, being section 600.2931 of the Michigan Compiled Laws.

"(f) To determine cy-pres, when an estate or a trust of a decedent is involved, over gifts, grants, bequests and devises in trust or otherwise to religious, educational, charitable, or benevolent uses as provided in Act No. 280 of the Public Acts of 1915, as amended, being sections 554.351 to 554.353 of the Michigan Compiled Laws.

"(g) To construe a will or determine heirs.

"(h) To hear and decide an action or proceeding against distributees of an estate fiduciary to enforce liability arising because the estate was liable upon some claim or demand before distribution of the estate.

"(i) To require an accounting of a fiduciary.

"(j) To determine an action or proceeding of a constructive trust.

"(k) To order, when requested by an interested person, any instruction or direction to a fiduciary under this act regarding this act or any applicable Michigan law affecting an estate within the jurisdiction of the court.

"(2) To determine an action or proceeding involving settlement of an inter vivos trust as provided in Act No. 185 of the Public Acts of 1966, being sections 555.81 to 555.84 of the Michigan Compiled Laws."[9]

---

[9] MCL 700.22; MSA 27.5022.

On appeal, plaintiff contends that the Legislature, in enacting the Revised Probate Code, did not intend nor provide for the probate court to have general chancery jurisdiction in all matters ancillary to the settlement of an estate or trust.

Defendants assert that plaintiff's complaint for reformation falls within the jurisdiction of the probate court, either under the court's exclusive jurisdiction, MCL 700.21(c); MSA 27.5021(c), as a matter concerning the distribution of trusts or the determination of beneficiaries, or under the court's concurrent jurisdiction, MCL 700.22(1)(a); MSA 27.5022(1)(a), to determine the validity of claims involving title to real and personal property.

Equity has been defined as a system of jurisprudence in which substantial justice may be attained in particular cases where the customary forms of ordinary law seem to be insufficient.[10] Justice Joseph Story discussed the design of equity courts in the following passage:

"Yet it is by no means uncommon to represent that the peculiar duty of a Court of Equity is to supply the defects of the common law, and next, to correct its rigor or injustice. Lord Kaims avows this doctrine in various places and in language singularly bold. 'It appears now clearly,' says he, 'that a Court of Equity commences at the limits of the common law, and enforces benevolence where the law of nature makes it our duty. And thus a Court of Equity, accompanying the law of nature, in its general refinements enforces every natural duty that is not provided for at common law.' And in another place he adds, a Court of Equity boldly undertakes 'to correct or mitigate the rigor, and what in a proper sense may be termed the injustice of the common law.'" (Footnotes omitted.)[11]

---

[10] 27 Am Jur 2d, Equity, § 1, p 516.

[11] 1 Story's Equity Jurisprudence (14th ed), § 16, p 17.

The origin of equity is well summarized by the following text:

" 'Equity', as the term is used in American jurisprudence, may be defined as that portion of remedial justice which was formerly administered in England by the High Court of Chancery as it has been extended, limited, and modified in the United States by statute and judicial construction. English equity as a system administered by a separate tribunal originated at an early date as the result of the inability, and to some extent of the unwillingness, of the common-law courts to meet all the requirements of justice by granting relief in all proper cases. Following a struggle for supremacy between it and other courts, lasting for an extended period, the prerogatives of the Court of Chancery were finally confirmed and there developed therein a distinct system of practice, and a distinct system of substantive jurisprudence, known as 'equity'." (Footnotes omitted.)[12]

In Michigan, equity jurisdiction has been lodged in the circuit courts at least since 1846.[13] As stated in *Youngs v West*,[14] equity jurisprudence has developed its own precedents and doctrines:

" 'Broadly speaking the sound discretion of the court is the controlling guide of judicial action in every phase of a suit in equity. So the granting of equitable relief is ordinarily a matter of grace, and whether a court of equity will exercise its jurisdiction, and the propriety of affording equitable relief, rests in the sound discretion of the court, to be exercised according to the circumstances and exigencies of each particular case. Of course, this discretion is not an arbitrary one, but must be exercised in accordance with the fixed principles and

[12] 5 Michigan Law & Practice, Chancery, § 2, p 71.

[13] RS 1846, title 21, ch 90, § 2, as amended by 1847 PA 23; MCL 600.601(2); MSA 27A.601(2).

[14] 317 Mich 538, 545; 27 NW2d 88 (1947).

precedents of equity jurisprudence, and in accordance with the evidence.' 30 CJS, pp 328, 329."

In enacting the Revised Probate Code, the Legislature did not expressly provide probate courts with general equity jurisdiction whenever a matter involving an equitable issue is ancillary to the settlement of a trust or estate. Rather, MCL 700.22; MSA 27.5022 sets forth particular instances in which the probate court may grant equitable relief, such as authorizing partition of property, authorizing specific performance of a contract contained in a joint or mutual will and requiring an accounting of a fiduciary. Inasmuch as the Revised Probate Code does not furnish the probate court with general equitable powers, it appears that the Legislature did not intend to lodge total equitable jurisdiction in the probate court.

In *Stowers v Wolodzko*,[15] the Court discussed the applicable rule of statutory construction:

"Michigan has recognized the principal of *expressio unius est exclusio alterious*—express mention in a statute of one thing implies the exclusion of other similar things. *Dave's Place, Inc v Liquor Control Comm*, 277 Mich 551 [269 NW 594] (1936); *Sebewaing Industries, Inc v Sebewaing*, 337 Mich 530 [60 NW2d 444] (1953)."

The general rule concerning a probate court's equitable jurisdiction is embodied in 27 Am Jur 2d, Equity, § 6, p 524:

"Where the court has not been granted general equity powers, being authorized to act as a court of equity only in certain cases and classes of cases, the rule of a strict construction applies, insofar as the ascertainment

---

[15] 386 Mich 119, 133; 191 NW2d 355 (1971). See, also, 2A Sutherland, Statutory Construction, § 47.23, p 123.

of the range of jurisdiction is concerned. Consequently, it is necessary for a plaintiff to make it appear affirmatively on the face of his pleading that his case is within the jurisdiction of the court." (Footnotes omitted.)

In applying the foregoing rules, we conclude that the probate court does not have equitable jurisdiction to entertain an action to reform a written instrument.[16] By filing her complaint for reformation and restitution in the Wayne County Circuit Court, plaintiff selected the correct forum. We, therefore, reverse and remand the matter to the Wayne County Circuit Court.

Reversed and remanded.

---

[16] We are not unmindful that there are some portents that indicate a future merger of probate jurisdiction into the constitutional jurisdiction of the circuit courts. We submit that accomplishing such a result by "bits and pieces", *e.g.*, by moving some chancery cases to probate court, would be doing it in the wrong way and for the wrong reasons.