## *In re* KUS ESTATE

### KUS v WETZEL

Docket No. 73151. Submitted May 3, 1984, at Grand Rapids.—Decided July 16, 1984.

Frank Kus died intestate on January 20, 1982. His widow, Doris Kus, was thereafter appointed personal representative of his estate. On November 29, 1982, Doris Kus, as personal representative of the estate, filed a complaint in the Arenac County Probate Court against Clifford Wetzel, doing business as Newark-Gardens, Inc., claiming breach of contract and seeking to recover the sum of $55,157.37 allegedly owed by the defendant to the decedent for potatoes sold by the decedent to the defendant. Defendant counterclaimed alleging that certain debts owed by decedent to the defendant were a setoff of the amount allegedly owed. The plaintiff filed a motion for accelerated judgment and a motion for summary judgment. The probate court, Ronald M. Bergeron, J., granted plaintiff partial accelerated judgment based upon expiration of the period of limitations and denied the motion for summary judgment. Defendant appeals from the order granting plaintiff a partial accelerated judgment on defendant's counterclaim. *Held:*

1. A probate court does not have the jurisdiction to hear contract actions for money damages brought by estates as plaintiffs.

2. Probate courts do not become courts of general jurisdiction merely because an estate is involved in an action.

3. The probate court's orders emanating from the claim of the estate against the defendant arising out of contract were void. Since no jurisdiction was had in the probate court to hear the estate's claim, the attempted counterclaim on behalf of defendant was equally void and the probate court was without jurisdiction to hear it.

The plaintiff's claim and the defendant's counterclaim are dismissed.

References for Points in Headnotes

[1-3] 20 Am Jur 2d, Courts §§ 32, 104.

31 Am Jur 2d, Executors and Administrators § 22 *et seq.*

1. COURTS — PROBATE COURTS — JURISDICTION.

   The Michigan Constitution provides that the probate court's jurisdiction, powers and duties shall be provided by law (Const 1963, art 6, § 15).

2. COURTS — PROBATE COURTS — CONTRACT ACTIONS — JURISDICTION.

   A probate court does not have the jurisdiction to hear contract actions for money damages brought by estates as plaintiffs (MCL 600.841, 700.21, 700.22; MSA 27A.841, 27.5021, 27.5022).

3. COURTS — PROBATE COURTS — JURISDICTION.

   Probate courts do not become courts of general jurisdiction merely because an estate is involved in an action.

*McDonald & Gustafson* (by *William J. Gustafson*), for defendant.

Before: BEASLEY, P.J., and ALLEN and M. B. BREIGHNER,* JJ.

BEASLEY, P.J. Defendant, Clifford Wetzel, doing business as Newark-Gardens, Inc., appeals from an order of the Arenac County Probate Court which granted plaintiff, Estate of Frank Kus, deceased, by Doris Kus, personal representative, a partial accelerated judgment on defendant's counterclaim.

Frank Kus died intestate on January 20, 1982. His widow, Doris Kus, was appointed personal representative of his estate on February 9, 1982. On November 29, 1982, Mrs. Kus, as personal representative, filed a complaint in the Arenac County Probate Court against defendant for recovery of the net sum of $55,157.37, claiming breach of contract.

From April 28, 1979, until June 7, 1979, decedent, Frank Kus, had sold 1.2 million pounds of potatoes to defendant, for which defendant allegedly never paid the decedent. The amount due

* Circuit judge, sitting on the Court of Appeals by assignment.

decedent's estate was offset by $1,998.03 for machinery parts which decedent had purchased from defendant.

On April 22, 1983, defendant filed a counterclaim, which he subsequently amended on May 31, 1983, alleging debts owed by decedent to defendant as a setoff. Defendant's first amended counterclaim alleged that defendant had extended credit to the deceased from 1966 until 1981. Defendant says that he performed services as a broker, sold machinery and farm products to decedent and loaned decedent money.

The estate filed a motion for accelerated judgment, alleging that the statute of limitations barred defendant's entire counterclaim, and a motion for summary judgment, alleging that plaintiff was entitled to judgment as a matter of law, there not being any genuine issue of material fact in that defendant admitted receiving the potatoes and not paying for them. At a hearing on June 21, 1983, the probate court granted a partial accelerated judgment on the basis of expiration of the period of limitations and denied the motion for summary judgment. Defendant-appellant only appeals from the partial accelerated judgment.

On appeal, only defendant-appellant has filed a brief; plaintiff-appellee has not filed a brief.

While neither side has chosen to raise the issue of jurisdiction in either the trial (probate) or appellate court, we feel constrained to do so, because it goes to the very roots of the jurisdiction and power of the probate court. We specifically refer to whether the probate court has the jurisdiction to hear and decide contract actions for money damages brought by estates as plaintiffs.

The Michigan Constitution provides that the probate court's jurisdiction, powers and duties

shall be provided by law.[1] MCL 600.841; MSA 27A.841 provides:

"Sec. 841. The probate court has jurisdiction and power as follows:

"(a) As conferred upon it under the revised probate code.

"(b) As conferred upon it under chapters 10, 11 and 12a of Act No. 288 of the Public Acts of 1939, as amended, being sections 710.21 to 712a.28 of the Michigan Compiled Laws.

"(c) As conferred upon it under Act No. 258 of the Public Acts of 1974, as amended, being sections 330.1001 to 330.2106 of the Michigan Compiled Laws.

"(d) As conferred upon it under this act.

"(e) As conferred upon it pursuant to any other law or compact."

MCL 700.21; MSA 27.5021 provides that the probate court has exclusive jurisdiction of five generally described subjects, only the following of which has any possible relevance here:

"(a) Matters relating to the settlement of the estate of a deceased person, whether testate or intestate, who was at the time of death domiciled in the county or was at the time of death domiciled without the state leaving an estate within the county to be administered."

Thus, our issue here narrows to whether the mere fact that a claim for money damages for breach of contract is brought by the estate of a deceased person constitutes such a relationship "to the settlement of an estate" as to be a sufficient basis to confer jurisdiction upon the probate court to determine such a claim. Of course, we are well aware of the provisions of the probate code that

---

[1] Const 1963, art 6, § 15; *Ashbaugh v Sinclair*, 300 Mich 673, 676; 2 NW2d 810 (1942).

permit filing claims *against* the estate of a deceased person and the procedure for determination of whether such claims are justifiable and should be paid.[2] Such is not the question here.

Unless a suit for breach of contract which is brought on behalf of an estate is viewed as a matter necessary to the settlement of an estate, then a probate court does not appear to have jurisdiction to hear such a case. On the contrary, if a breach of contract case is looked upon merely as another ordinary breach of contract claim with only an incidental relationship to a decedent's estate, then the probate court clearly has no jurisdiction.

MCL 700.22; MSA 27.5022 provides concurrent jurisdiction in the probate court for four general categories of subject matter. However, none of these categories cover a claim for breach of contract. Thus, under the concurrent jurisdiction statute, the probate court obtains no jurisdiction. Our further review of the exclusive jurisdiction statute cited above leads us to the conclusion that the probate court is without jurisdiction to accept and decide plaintiff's suit against defendant.

Probate courts do not become courts of general jurisdiction just because an estate is involved.[3] We, therefore, hold that the probate court's orders emanating from the claim of the estate against the defendant arising out of contract were void. Since no jurisdiction was had in the probate court to hear the estate's claim, the attempted counterclaim on behalf of defendant was equally void and the probate court was without jurisdiction to hear it. It is not as though defendant had filed a claim

[2] See MCL 700.701 *et seq.;* MSA 27.5701 *et seq.*

[3] See *Van Etten v Manufacturers National Bank of Detroit,* 119 Mich App 277; 326 NW2d 479 (1982).

against plaintiff estate in the probate court, which defendant had a right to assert.[4]

Consistent with this analysis of the applicable statutes, we dismiss the claim brought by plaintiff estate against defendant and similarly dismiss defendant's counterclaim against plaintiff estate. In so doing, we suggest that nothing we do here precludes the bringing of a suit by plaintiff estate in a court having jurisdiction and venue of this action. Similarly, nothing that we do here prevents defendant from asserting what has here been designated a counterclaim as either a claim against the estate, if on some basis such a claim remains available and viable, or as a counterclaim, if plaintiff estate brings suit against defendant in an appropriate court.

[4] In the within case, the time for filing claims against the estate had long since passed before defendant filed its abortive counterclaim.