Harry **CENKER**, Plaintiff,

v.

Eric Franklin **CENKER**, Howard Kraus, **Insurance Company of North America**, and John F. Gilhool, as Temporary Personal Representative of the Estates of Moses and Lois Cenker, Deceased, Defendants.

Civ. A. No. 87–70084.

United States District Court,
E.D. Michigan, S.D.

May 15, 1987.

moters such as plaintiff in the same way it     applies to big-time promoters.

Henry M. Grix, Robert T. Smith, Cynthia A. Moore, Dickinson, Wright, Moon, VanDusen & Freeman, Detroit, Mich., for plaintiff.

John F. Gilhool, Southgate, Mich., pro se.

Henry J. Maher, Scott K. Lites, Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, Detroit, Mich., for defendant Kraus.

Peter J. Lyons, Puleo, Noeske and Tarnavsky, Troy, Mich., for Ins. Co. of North America.

## OPINION

FEIKENS, District Judge.

On December 26, 1984, Eric Cenker ("Eric") was riding with his parents, Moses and Lois Cenker. Their car came to a stop when Eric's father suffered an apparent heart attack. Eric dragged his father from the car and left him in a field. He then threw his mother into the nearby Rouge River. Eric's father died of exposure and his mother drowned. Eric confessed the killings and stood trial in Wayne County Circuit Court on charges of murder and manslaughter. On October 29, 1986, Judge Charles Kaufman found Eric not guilty by reason of insanity.

Harry Cenker ("plaintiff"), brother of Moses Cenker, brings this action to establish his claim to $501,000 of life insurance payable by the Insurance Company of North America ("INA") on the deaths of Moses and Lois Cenker. Howard Kraus ("Kraus"), brother of Lois Cenker, counterclaims and cross-claims to establish his right to the proceeds. John Gilhool ("Gilhool"), Temporary Personal Representative of the estates of Moses and Lois Cenker, and Eric Cenker move to dismiss this action without prejudice so that the claims can be adjudicated in current probate proceedings settling the estates of Moses and Lois Cenker.[1] Only plaintiff opposes the motion. This opinion supplements my April 16, 1987 bench opinion granting the motion.

Federal courts have no jurisdiction over probate matters:

> [A] federal court has no jurisdiction to probate a will or administer an estate .... But ... federal courts of equity have jurisdiction to entertain suits "in favor of creditors, legatees and heirs" and other claimants against a decedent's estate "to establish their claims" so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate....

Markham v. Allen, 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946) (emphasis added) (citations omitted) (quoting Waterman v. Canal-Louisiana Bank Co., 215 U.S. 33, 43, 30 S.Ct. 10, 12, 54 L.Ed. 80 (1909)). Plaintiff characterizes this suit as an ordinary contract action over which the probate court lacks jurisdiction, In re Kus Estate, 136 Mich.App. 343, 356 N.W.2d 23 (1984),[2] and he contends that the probate exception to diversity jurisdiction is inapplicable.

---

1. Eric Cenker's conservatorship is also under the jurisdiction of the probate court.

2. The probate court "has exclusive jurisdiction of all ... [m]atters relating to the settlement of the estate of a deceased person...." Mich. Comp.Laws § 700.21. The court held in Kus, supra, that an action by the estate for payment on delivery by the deceased before his death of 1.2 million pounds of potatoes bore only an incidental relationship to settlement of the estate and was therefore outside the exclusive jurisdiction of the probate court.

From Kus, plaintiff concludes erroneously that the probate court lacks jurisdiction over all contract claims. Kus does not apply if "a suit for breach of contract ... is ... a matter necessary to the settlement of an estate." Kus, 136 Mich.App. at 347, 356 N.W.2d 23. Cf. In re Seitz Estate, 426 Mich. 630, 397 N.W.2d 162 (1986) (assuming without discussion that the probate

Plaintiff construes the exception too narrowly. The probate exception is a practical doctrine designed to promote legal certainty and judicial economy by providing a single forum of litigation, and to tap the expertise of probate judges by conferring exclusive jurisdiction on the probate court. *Dragan v. Miller,* 679 F.2d 712, 714–15 (7th Cir.) (Posner, J.), *cert. denied,* 459 U.S. 1017, 103 S.Ct. 378, 74 L.Ed.2d 511 (1982). The exception applies both to purely probate matters, and to matters " 'ancillary' to probate in the practical sense that allowing it [the case] to be maintained in federal court would impair the policies served by the probate exception to diversity jurisdiction." *Dragan,* 679 F.2d at 715–16. *Cf. O'Callaghan v. O'Brien,* 199 U.S. 89, 110, 25 S.Ct. 727, 783, 50 L.Ed. 101 (1905) (no jurisdiction in federal court over action for relief ancillary to probate proceedings).

The outcome of this action hinges on two issues: (1) whether Mich.Comp. Laws § 700.251(3) precludes recovery of benefits by a beneficiary found not guilty by reason of insanity of killing a benefactor;[3] and (2) whether Moses Cenker survived his wife. The first issue presents a novel problem of statutory construction under Michigan's Revised Probate Code, Mich.Comp.Laws § 700.1–700.993. The second issue calls for a determination of heirs. The probate court will have to decide both issues to settle the estates of Moses and Lois Cenker, and to distribute life insurance proceeds already on deposit with the probate court. Allowing this action to proceed in federal court would frustrate all the policies served by the probate exception: it would undermine legal certainty by risking inconsistent judgments, thwart judicial economy by unnecessarily

requiring two proceedings, and leave untapped the experience and expertise of a probate judge familiar with this litigation and with the Revised Probate Code.[4] Accordingly, the probate exception deprives me of jurisdiction.

Even if I have jurisdiction, I abstain from exercising it and choose to dismiss the case.[5] Abstention is within my discretion:

> Even where a particular probate-like case is found to be outside the scope of the probate exception, the district court may, in its discretion, decline to exercise its jurisdiction....
>
> The fact that a federal suit may not directly interfere with state probate proceedings merely permits the exercise of jurisdiction, it does not require it.

*Rice v. Rice Foundation,* 610 F.2d 471 (7th Cir.1979). Abstention is peculiarly appropriate in cases on the periphery of the probate exception:

> [T]here is particularly strong reason for abstention in cases which, though not within the exceptions for matters of probate and administration or matrimony and custody actions are on the verge, since like those within the exception, they raise issues "in which the states have an especially strong interest and a well-developed competence for dealing with them." Wright, Federal Courts § 25, at 84 (2d ed. 1970).

*Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel,* 490 F.2d 509, 516 (2d Cir.1973) (Friendly, J.). *Accord Bassler, supra* n. 5, 500 F.2d at 142–43. Because the probate court is already familiar with this litigation, the case for abstention is even stronger:

---

3. Mich.Comp.Laws § 700.251(3) provides:

 A named beneficiary of a ... life insurance policy ... who feloniously and intentionally kills or aids and abets the killing of ... the individual *upon whose* life the policy is issued is not entitled to any benefit under the ... policy ... and it becomes payable as though the beneficiary predeceased the decedent.

4. If, as plaintiff predicts, the probate court concludes that it lacks jurisdiction, a circuit judge can temporarily assume in addition to his regu-

lar powers the power of a probate judge and handle all related litigation in a single proceeding. Mich.Comp.Laws § 600.225(1).

5. Abstention justifies dismissal without prejudice:

> Where ... the federal court abstains to avoid interference with state [probate] activities, and no federal interest requires retention of jurisdiction, dismissal is proper.

*Bassler v. Arrowood,* 500 F.2d 138, 143 (8th Cir.1974), *cert. denied,* 419 U.S. 1116, 95 S.Ct. 796, 42 L.Ed.2d 815 (1975).

court has jurisdiction over a contract claim involving life insurance).

Discretionary abstention in probate-related matters is suggested not only by the strong state interest in such matters generally but also by special circumstances in particular cases. Where the state courts are already familiar with the litigation before the district court and the federal suit is intertwined with state court proceedings, the district court may properly decline to exercise its jurisdiction.

*Rice,* 610 F.2d at 477–78. *Accord Bassler,* 500 F.2d at 143 ("The Minnesota state courts are manifestly familiar with this litigation. The issues are intertwined with the probate and administration of the Bush estate. Whatever remedies appellants have can and should be pursued in the state courts.").

■ Finally, I dismiss this action because it is not suitable for declaratory judgment:

In deciding whether a case is suitable for declaratory judgment, the court will look at such factors as (1) whether the declaratory judgment would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*"; (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.

*Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Insurance Co.,* 791 F.2d 460, 462 (6th Cir.1986). *See also American Home Assurance Co. v. Evans,* 791 F.2d 61, 63 (6th Cir.1986). Declaratory judgment might settle the controversy, but it would do so only at the risk of conflict with the probate court's decision on the same issues. That risk needlessly creates friction between the state and federal courts and highlights the procedural posturing underlying this suit. The probate court provides a better forum:

[T]he only basis of jurisdiction here is diversity of jurisdiction. We question the need for federal courts to issue declaratory judgments in such cases where a state court has already accepted jurisdiction over the subject matter of the lawsuit. We also question the need for such declaratory judgments in federal courts when the only question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and impartial manner.

*American Home,* 791 F.2d at 63.

Plaintiff protests that he is not asking for a declaratory judgment, but crafty pleading cannot mask the essential nature of the lawsuit. INA is ready to pay the life insurance benefits: the only question is who is entitled to receive them. Plaintiff does not charge any party with breach of contract, a tort, or any other legal wrong. He does not ask for any relief against any party but INA, against which he asks for judgment equal to the amount of the insurance benefits. All this amounts to a veiled plea for judgment declaring plaintiff's right to the benefits.

Accordingly, Gilhool's motion to dismiss this action without prejudice is GRANTED.

An appropriate order shall be entered.