McCORMICK v McCORMICK

Docket Nos. 173328, 174483. Submitted November 19, 1996, at Detroit.
Decided February 21, 1997, at 9:25 A.M.

Mary G. McCormick brought an action in the Wayne Circuit Court
against Edward J. McCormick, seeking a divorce. During the
divorce proceedings, the parties contested the ownership of the
marital home, which the defendant had deeded to the plaintiff as
part of an earlier reconciliation agreement and which the plaintiff
had deeded to herself and her daughters. During the divorce pro-
ceedings, the plaintiff had deeded her interest to the daughter who
by then held the remaining interest in the property. The court, John
A. Murphy, J., granted a divorce and, without making findings of
fact concerning the plaintiff's ownership in the marital property,
ordered the property sold and the proceeds divided as part of the
property settlement. The plaintiff appealed, and the defendant
cross appealed. The Court of Appeals, REILLY, P.J., and GILLIS and
MICHAEL J. KELLY, JJ., while affirming the entry of the judgment of
divorce, remanded the matter to the circuit court to determine the
ownership interests in the marital home, to reconsider questions
relating to a medical malpractice settlement, and to amend the
property settlement and alimony award as necessary in light of the
court's findings concerning the matters considered on remand.
Unpublished opinion per curiam of the Court of Appeals, issued
September 9, 1991 (Docket No. 102806). Following the remand of
the matter by the Court of Appeals, Edward McCormick died. The
plaintiff, without notice to the personal representative of the dece-
dent's estate, moved in the circuit court to dismiss the postappeal
proceedings that had been ordered by the Court of Appeals. The
circuit court, John H. Gillis, Jr., J., dismissed the postappeal pro-
ceedings and set aside injunctive orders that had prohibited the
transfer of assets held in certain bank accounts during the pen-
dency of the divorce proceedings. The plaintiff then removed the
funds from those bank accounts. Eric A. Braverman, as personal
representative of the estate of Edward McCormick, petitioned the
circuit court to reinstate the postappeal proceedings. The circuit
court, Michael J. Talbot, J., set aside the order of dismissal, rein-
stated the postappeal proceedings, ordered that the postappeal pro-
ceedings be removed to the Wayne County Probate Court, rein-

stated the injunctive orders, and ordered the plaintiff to pay to the court the money that she had removed from the bank accounts. When the plaintiff refused to return the money taken from the bank accounts, the circuit court held her in contempt.

The personal representative moved in the probate court to have the postappeal proceedings relating to the resolution of the property and alimony issues removed to the circuit court. The probate court, Milton L. Mack, Jr., J., after first ruling that it had subject-matter jurisdiction, gave the plaintiff the opportunity to purge herself of the contempt citation by answering its questions concerning the funds that had been removed from the bank accounts, and, when the plaintiff refused to answer those questions, entered a default judgment against her and awarded the marital home, a portion of the malpractice settlement, and the funds in the bank accounts to the estate.

The plaintiff appealed as of right the order of the probate court. The plaintiff filed in the Court of Appeals a delayed application for leave to appeal the order of the circuit court that reinstated the postappeal proceedings and removed those proceedings to the probate court, which was denied. The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted. 445 Mich 860 (1994). The appeals were consolidated.

The Court of Appeals *held*:

1. The circuit court had jurisdiction to reinstate the postappeal proceedings relating to the property and alimony matters. Although a court is without jurisdiction to render a divorce after the death of one of the parties, the divorce was final before the death of Edward McCormick, and the only issues involved in the postappeal proceedings involved the allocation and distribution of the assets of the marriage. Accordingly, the order of the circuit court with respect to the reinstatement of the postappeal proceedings must be affirmed.

2. The circuit court erred in removing the postappeal proceedings to the probate court. Upon remand of a matter to a lower court, the lower court must take such action as law and justice require that is not inconsistent with the judgment of the appellate court. Because the Court of Appeals in its opinion remanding the matter to the circuit court specifically directed the circuit court to make certain findings of fact and determinations, the circuit court was required to dispose of those matters and was without authority to remove the case to the probate court. Further, the circuit court was without statutory jurisdiction to remove the postappeal proceedings in the divorce action to the probate court. Jurisdiction to

conduct divorce proceedings is statutory, with that jurisdiction being placed in the circuit court, and it is mandatory that the court having jurisdiction to grant a divorce also dispose of the related matters of alimony, support, and property. Accordingly, both the circuit court's removing the postappeal proceedings to the probate court and the probate court's order amending the judgment of divorce must be vacated, and the matter must be remanded to the circuit court for resolution of the matters described in the prior opinion of the Court of Appeals in this matter.

Affirmed in part, vacated in part, and remanded to the circuit court.

1. Appeal — Circuit Courts — Orders of Remand.

A circuit court may not remove to another court a matter that is on remand from an appellate court where the order of remand specifically requires the circuit court to make findings of fact or to resolve the matter.

2. Divorce — Circuit Courts — Probate Courts.

A circuit court is without jurisdiction to remove to a probate court the matter of the resolution of the division of the property of a marriage where a party of a marriage dies after entry of the judgment of divorce but before a final valid order relating to the distribution of the marital property has been entered; the circuit court has sole jurisdiction of matters relating to a divorce, including the related matters of alimony, support, and division of the marital property.

Mary McCormick, in propria persona.

Eric A. Braverman, personal representative of the estate of Edward J. McCormick, in propria persona.

Before: Taylor, P.J., and Markman and P. J. Clulo*, JJ.

Per Curiam. In Docket No. 174483, plaintiff, Mary G. McCormick, appeals by leave granted pursuant to an order of the Supreme Court, 445 Mich 860 (1994), a circuit court order reinstating the postappeal proceedings in a divorce action and removing the case to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the probate court. In Docket No. 173328, plaintiff appeals as of right the probate court's amended judgment of divorce. We affirm the reinstatement of the postappeal proceedings, but vacate the removal of the action to the probate court as well as the amended judgment of divorce and remand the cases to the circuit court for further proceedings.

I

These consolidated appeals involve a divorce action commenced by plaintiff in 1984. Soon after plaintiff filed for divorce, an ex parte injunctive order was entered prohibiting the transfer of any assets from the parties' bank accounts. Upon entry of the judgment of divorce, an order was entered that enjoined the enforcement of the property settlement provisions of the divorce judgment pending exhaustion of appellate remedies.

Plaintiff then appealed as of right the property and alimony provisions of the divorce judgment. In *McCormick v McCormick*, unpublished opinion per curiam of the Court of Appeals, issued September 9, 1991 (Docket No. 102806), this Court reversed in part and remanded to the circuit court for further proceedings regarding various questions. With regard to plaintiff's claim that the circuit court erred in distributing the parties' former marital home, this Court stated:

> The real property at issue here was the focal point of a 1976 reconciliation agreement wherein defendant executed a quit claim deed conveying his interest in the property to plaintiff in exchange for her dismissal of her complaint for divorce. That deed is dated July 19, 1976, and was recorded on March 25, 1980. Plaintiff on March 21, 1980, deeded the property to herself, and her three daughters, Linda, Nancy,

and Frances, as joint tenants with rights of survivorship. On April 25, 1980, Frances quitclaimed her interest in the property to plaintiff, Linda, and Nancy. Then, on July 26, 1984, the day after plaintiff filed the instant complaint for divorce, Nancy quitclaimed her interest to plaintiff and Linda. Finally, on March 26, 1986, plaintiff quitclaimed her interest to Linda. Plaintiff argues that because neither party owned an interest in the property at the time of the divorce judgment, the court was without jurisdiction to distribute the property.

\*    \*    \*

In this case, the trial court failed to make findings of fact regarding plaintiff's ownership interest, if any, in the real property. Defendant at trial contested the validity of the reconciliation agreement and plaintiff at trial sought to uphold the transfers. Thus, the trial court must commence with the 1976 reconciliation agreement and, if necessary, work through the various transfers to determine ownership interests in the property. Third parties that so desire should be represented by counsel. Then, after the ownership of the property is determined, the trial court may distribute according to statute any interest held by either party.

In addition, this Court noted:

The next claim made by plaintiff is that the trial court erred in distributing as marital property an award plaintiff received in settlement of a medical malpractice action initiated in 1981.

\*    \*    \*

The record in this case is not clear as to the extent to which the settlement compensated plaintiff for pain and suffering. Any such portion would be distributable only upon satisfaction of MCL 552.23; MSA 25.103. We therefore remand to the trial court for such a determination. Any portion of the settlement not compensating plaintiff for pain and suffering was properly distributed as part of the marital estate.

This Court also instructed the circuit court to reexamine the alimony award if there was a change in the property award and to consider plaintiff's claims concerning enforcement of alimony. Finally, this Court directed the circuit court "to open proofs to the extent necessary to determine the issues submitted on remand."

On October 24, 1992, Edward J. McCormick died. Shortly thereafter, plaintiff, without any notice to the decedent's estate, petitioned the circuit court to dismiss the postappeal proceedings. On March 15, 1993, an order was entered dismissing the postappeal proceedings and setting aside the injunctive orders pertaining to the bank accounts. After the order of dismissal was entered, plaintiff and her daughter, Linda McCormick, removed the funds from the accounts that were subject to the injunctive orders.

Subsequently, the personal representative of the decedent's estate moved to reinstate the case. After various hearings, the circuit court entered an order reinstating the case and also removed the case to the probate court for resolution of the remanded issues. In addition, plaintiff was ordered to return approximately $21,000 that she took from the bank accounts in violation of the injunctive orders. Following a hearing, plaintiff was jailed on a contempt citation when she refused to return the money. After this Court denied plaintiff's complaint for a writ of habeas corpus, the Supreme Court, treating her complaint for a writ of habeas corpus as an application for leave to appeal, remanded "the case to the circuit court for a new hearing and findings on the question whether the plaintiff has the power to perform the act which would purge her of the contempt as required by MCL

600.1715; MSA 27A.1715." *McCormick v Wayne Co Sheriff (McCormick v McCormick)*, 444 Mich 891 (1993).

In the meantime, the personal representative petitioned the probate court to remove the postappeal proceedings in the divorce action to the circuit court for the resolution of the property and alimony issues. At a hearing, the probate court, after ruling that it had subject-matter jurisdiction to decide these issues, questioned plaintiff about the funds that she removed from the bank accounts so as to permit her to purge herself of the contempt citation. When plaintiff refused to answer any questions, the probate court declared that it would enter a default judgment against her, awarding the marital home to the estate and deciding the other issues in the estate's favor. Subsequently, the probate court entered an amended judgment of divorce awarding the marital home and bank accounts to the estate because plaintiff refused to purge herself of the contempt, wilfully secreted assets of the marital estate, and violated injunctive orders.

II

Plaintiff first claims that the circuit court lacked jurisdiction to reinstate the postappeal proceedings after the death of Edward McCormick. We disagree. Although a court is without jurisdiction to render a judgment of divorce after the death of one of the parties, *Tiedman v Tiedman*, 400 Mich 571; 255 NW2d 632 (1977), plaintiff's marriage was dissolved and the actual divorce was final before Edward McCormick died. Thus, the circuit court had jurisdiction to reinstate the postdivorce action to resolve the issues

remanded to the court pursuant to this Court's opinion in *McCormick*.

Nevertheless, we agree with plaintiff that the circuit court erred in removing the postappeal proceedings in the divorce action to the probate court and that the probate court did not have jurisdiction over the case. First, removal of the case to the probate court exceeded the scope of the remand order. The power of a lower court on remand is to take such action as law and justice require that is not inconsistent with the judgment of the appellate court. *People v Fisher*, 449 Mich 441, 447; 537 NW2d 577 (1995); *VanderWall v Midkiff*, 186 Mich App 191, 196; 463 NW2d 219 (1990). In the prior opinion in this matter, this Court instructed the circuit court to make findings of fact, determine the ownership interests in the marital home, and determine the extent to which the settlement award arising from a medical malpractice action compensated plaintiff for pain and suffering so that it could be decided if some portion of the award was distributable as a marital asset. The circuit court was also ordered to reexamine the alimony award if a change in the property award was needed, to consider plaintiff's claims concerning the enforcement of alimony, and "to open proofs to the extent necessary to determine the issues submitted on remand." Thus, the circuit court was required to dispose of these issues on remand, but it was not authorized to remove the case to the probate court in order for that court to resolve those issues.

In addition, the circuit court lacked statutory authority to remove the case to the probate court. Under MCL 700.1 *et seq.*; MSA 27.5001 *et seq.*, the probate court has concurrent jurisdiction of certain mat-

ters that are ancillary to the settlement of an estate or trust. Specifically, MCL 700.22; MSA 27.5022 provides in pertinent part:

> (1) In addition to the jurisdiction conferred by section 21 [MCL 700.21; MSA 27.5021] and other laws, the probate court has concurrent legal and equitable jurisdiction of the following matters involving an estate of a decedent, ward, or trust:
> (a) To determine property rights and interests.
> (b) To authorize partition of property.
>
>     *  *  *
>
> (2) In an action or proceeding pending in any other court of this state of which the probate court and the other court have concurrent jurisdiction, the judge of the other court, upon motion of a party and after a finding and order on the jurisdictional issue, may by order remove the action or proceeding to the probate court. If the action or proceeding is removed to the probate court, the judge of the other court shall forward to the probate court the original of all papers in the action or proceeding and thereafter proceedings shall not be heard before the other court, . . . and the action or proceeding shall be prosecuted in the probate court as a probate court proceeding.

See also MCL 600.846; MSA 27A.846, which contains language identical to that of § 22(2).

Initially, we note that neither party moved to remove this action to the probate court. Rather, the circuit court, on its own initiative and without a finding and order with respect to the jurisdictional issue, decided to remove the action to the probate court.

Moreover, the probate court did not have jurisdiction over these postappeal proceedings in a divorce action. The jurisdiction of circuit courts over divorce cases is strictly statutory. See MCL 552.6(1), 552.12;

MSA 25.86(1), 25.92, MCL 600.601; MSA 27A.601; *Stamadianos v Stamadianos*, 425 Mich 1, 5; 385 NW2d 604 (1986); *Fowler v Fowler*, 191 Mich App 318, 319; 477 NW2d 112 (1991). Where a circuit court has jurisdiction to grant a divorce, it is mandatory that the same court dispose of the related matters of alimony, support, and property. *Engemann v Engemann*, 53 Mich App 588, 594; 219 NW2d 777 (1974).

While the scope of the probate court's jurisdiction has been expanded by the Revised Probate Code, the probate court has not become a court of general jurisdiction. See MCL 600.841; MSA 27A.841; *Noble v McNerney*, 165 Mich App 586; 419 NW2d 424 (1988). In *Van Etten v Manufacturers Nat'l Bank of Detroit*, 119 Mich App 277; 326 NW2d 479 (1982), this Court observed that the Legislature, in enacting the Revised Probate Code, did not expressly provide probate courts with general equity jurisdiction whenever a matter involving an equitable issue is ancillary to the settlement of a trust or estate. In *Van Etten*, this Court held that the probate court did not have equitable jurisdiction to entertain an action to reform a settlement contract and to order restitution of unpaid amounts in matters that were ancillary to the termination distribution of a testamentary trust.

We hold that the probate court did not have jurisdiction to enter an amended judgment of divorce disposing of the property and alimony issues. Accordingly, we vacate the circuit court's order removing the postappeal proceedings to the probate court and the probate court's amended judgment of divorce and remand the case to the circuit court for further pro-

ceedings consistent with this Court's remand instructions set forth in our original opinion.

Our ruling forecloses the need to consider plaintiff's remaining issues on appeal. However, we note that plaintiff's continued refusal to answer questions about the funds she removed from bank accounts in violation of injunctive orders provides an equitable ground for granting judgment[1] against her. Thus, the circuit court would be permitted to award the marital home to defendant estate, subject to the property interest of plaintiff's daughter, Linda McCormick, and to decide all other questions in favor of the estate. No costs or fees awarded to the parties.

Affirmed in part, reversed in part, and remanded to the circuit court for further proceedings. We do not retain jurisdiction.

---

[1] Cf. MCR 2.313(B)(2)(c).