CHAMBERS *v.* CHAMBERS.

1. TRUSTS—ENFORCEMENT—EQUITY—JURISDICTION.
    A trustee having accepted the trust is bound to execute it
    faithfully, and a court of equity has power to enforce its
    execution in behalf of the *cestui que trust.*

2. SAME—FIDUCIARY RELATION—GOOD FAITH.
    Where a testator bequeathed in trust to his brother, to be
    disposed of by him to the two children of another brother,
    deceased, "all the property, or its equivalent, I received
    under the last will," of said deceased brother, leaving the
    determination of said amount entirely to the judgment and
    discretion of said trustee, a "determination" by him that
    said amount was the sum of one dollar, *held,* to be in
    bad faith, where at the time it was made the courts had
    already determined that it was a substantial sum.

3. SAME—ENFORCEMENT—DETERMINATION—EQUITY.
    Where the record shows that the trustee'is deceased and no
    new determination can be made by him, the duty rests
    upon the court of equity to dispose of the question.
        207—Mich.—9.

Appeal from Mackinac; Shepherd, J. Submitted June 6, 1919. (Docket No. 71.) Decided July 17, 1919.

Bill by William Chambers and another against Catherine Chambers, surviving executrix of the last will of Patrick Chambers, deceased, and another, for a construction of said will. From a decree for plaintiffs, defendants appeal. Affirmed.

*C. S. Reilley,* for plaintiffs.

*Prentiss M. Brown* (*Henry Hoffman,* of counsel), for defendants.

STONE, J. The bill of complaint herein was filed to obtain a construction of the will of Patrick Chambers, deceased, and prays, among other things, to have set aside the so-called "determination" of Michael Chambers, under said will. The plaintiffs are, respectively, the nephew and niece of said Patrick Chambers, deceased. The defendant Catherine Chambers is the surviving executrix of the last will of said Patrick Chambers, deceased, and defendant John Rhoades is the executor of the estate of Michael Chambers, deceased. Both of the defendants are properly before the court.

John Chambers, Patrick Chambers and Michael Chambers, all now deceased, were brothers, and formerly lived at St. Ignace, where they were partners in business. John Chambers, deceased, was the father of the plaintiffs. He made a will naming his brothers, Patrick and Michael, as his executors—both deceased at the time of the filing of this bill of complaint. John Chambers died December 19, 1891. His will was duly admitted to probate. The accounts of his executors in said estate will be referred to later in the opinion of the circuit judge. Patrick Chambers

died December 24, 1916; his estate is in process of being probated. His will was duly admitted to probate. That portion of his will, which bears date February 14, 1908, of which construction is prayed, reads as follows:

"All the property, or its equivalent, I received under the last will of my brother, John Chambers, deceased, I give and bequeath in trust especially, to my brother, Michael Chambers, to be disposed of by him to the two children and heirs of my said brother John, deceased, being William and Vivian Chambers, and at such time or times, or manner as he may deem fit, and my said brother Michael Chambers is to be the sole judge of the amount or quantity of said property I so received from my said brother John's estate, and from his determination and decision regarding the same there shall be no dispute or appeal; everything to be left to his judgment and decision, and this shall pertain to whatever he may deem necessary to deed as real estate, or give as personal property, or both, to account for my interest that came to me from my said brother John's estate."

The will named his brother, Michael Chambers, and his sister, Catherine Chambers, as residuary legatees under said will, to share and share alike as joint tenants, "and as such words imply, to go to them or the survivor absolutely." The will also appointed said Michael Chambers and Catherine Chambers, or the survivor of them, as the executors or executor of said will.

Michael Chambers died October 16, 1918; and previous to his death he attempted, by a so-called "determination," to deprive and dispossess plaintiffs of all interest in excess of one dollar, in the estate of Patrick Chambers, deceased. Said "determination" was filed in Patrick Chambers' estate on November 26, 1918, and after Michael's death. That "determination" reads as follows:

"Whereas, the will of my late brother, Patrick Chambers, heretofore filed in the Mackinac county probate court, provided that I was to make a determination of what property or its equivalent, if any, he received from the estate of our brother, John Chambers, and turn the same over to the children of John.

"And, whereas, I am informed by counsel that it is necessary that I make a determination of what amount was so received, I do hereby make the following determination:

"The account of John Chambers' estate was kept by my said brother, Patrick. A statement of account, based on Patrick's books was signed by him and myself as co-executors of John's estate and filed in the Mackinac county probate court. This account showed that the estate was indebted to us as co-executors for overpayments to the widow and children of John in the sum of upwards of five thousand dollars. Credits gained by the estate in the final disposition of the rents then were originally charged, by charging my brother and myself interest on the balance in our hands at five instead of three per cent. and compounding the same annually, and by refusing compensation to us as executors. My determination is that the amount of property or its equivalent received by my brother, Patrick, from the estate of John Chambers, was the sum of one dollar ($1) and that this is the amount that I determine to be turned over to the said children of John Chambers, William Chambers and Vivian Chambers.

"MICHAEL CHAMBERS."

This "determination" was duly signed and witnessed, and acknowledged on October 14, 1918, as appears by the record. According to the order on the final account in the estate of John Chambers, deceased, as affirmed on appeal from the probate court to the circuit court, the interest of Patrick Chambers therein was one-eighth of the real estate and the sum of $2,-832.04 in personal property. This amount was so adjudged before the filing of said so-called "determination."

The record discloses that the plaintiffs herein caused their uncles, Michael and Patrick Chambers, to account to them in a somewhat bitter contest waged in the probate court, from which contest in the estate of John Chambers, deceased, Michael appealed to the circuit court. At the time of the attempted "determination" made by Michael Chambers, aforesaid, the circuit court had determined the exact interest Patrick Chambers had in the estate of John Chambers, deceased, and it is the contention of the plaintiffs that the amount or quantity of property to be turned over to the plaintiffs having been determined by the court, Michael Chambers had no authority or power over the same by way of disposition. The effect of the "determination" as made by Michael Chambers, if allowed to stand, will deprive these plaintiffs of the entire legacy (save one dollar) mentioned in, and given them by, the will of Patrick Chambers, deceased; and it is the claim of the plaintiffs that that would amount to a false determination of the value of the legacy, and would be fraudulent, untrue and unjust.

The learned circuit judge who heard this case filed an opinion in which he stated, among other things, the following:

"John Chambers, Patrick Chambers and Michael Chambers, all now deceased, formerly lived at St. Ignace, and were partners in business, known as Chambers Brothers. John Chambers died first, his two brothers, Patrick and Michael, were named as his executors, they continued the partnership, using and commingling the moneys derived from the income from estate of John Chambers in the business, both personal and partnership, made no final accounting in said estate for twenty-three years, and when ordered to make an accounting claimed that the estate was indebted to them in a large amount, to wit, $6,776.26. After a contest in probate court, and in the circuit court to which it was appealed in the year 1917, they were called upon to account to plaintiffs and their

mother in cash for the sum of $7,500, which they paid. By reason of their alleged neglect and conduct, they were charged compound interest on the moneys found to be in their hands from time to time, charged large amounts for rents of property they had occupied, and because of maladministration were allowed no compensation. * * *

"The finding of the probate court and the decree entered, state the interest of Patrick Chambers in the estate of John Chambers as follows:

"Real estate: Undivided one-fourth to Patrick and Michael Chambers.

"Personal estate: To Patrick and Michael, one-half of remainder, $5,664.09.

"The interest in the real estate mentioned above is estimated to be of considerable value. * * *

"Whether or not the facts, as above stated, present grounds that would warrant the court in construing Patrick Chambers' will, or, in other words, whether any construction is required, it appears clear to me that a case is presented which calls for equitable interference, and calls for a remedy, where an adequate remedy may be had only in a court of equity.

"A *cestui que trust* may invoke the aid of a court of equity to have wrongful acts of the trustee affecting the trust property set aside. 39 Cyc. p. 512.

"When the execution of a power in trust shall be defective in whole or in part, its proper execution may be decreed in equity in favor of the trust. Section 11649, 3 Comp. Laws 1915.

"The statute granting to probate courts jurisdiction over testamentary trusts in certain cases, carefully and fully reserves to courts in chancery the powers previously possessed by them over trustees and trust estates. Section 14094, 3 Comp. Laws 1915.

"It is elementary that a person to whom a power or a trust is confided is bound to execute the same fairly, equitably and in good faith. These requirements are particularly imperative when the trustee is required to decide between conflicting claims or interests of himself and his beneficiary.

"It must be presumed that in making this devise, Patrick did not make use of idle words. When he provided for the payments to the children of his de-

ceased brother of the property that himself had been given by their father, he must have believed it to have been of substantial value, or he would not have mentioned the matter at all. This is gathered also from the provision in regard to the time or times of payment to them provided for in the will.

"If this devise was not a naked trust, it is because the determination of the amount of the bequest and the time of enjoyment by the beneficiaries were left uncertain. Before Michael undertook to exercise a power of determination of the amount or extent of the property devised, that amount had been determined by a court of competent jurisdiction having before it all the parties interested. It was determined just as certainly and definitely as court could have fixed and determined a line between adjoining parcels of land, and the amount so fixed then became vested in the plaintiffs. For the trustee to deviate from that finding to his own advantage, was a legal fraud upon plaintiffs.

"He acquiesced in that finding and paid the amount so awarded. In making his own determination, he ought to have followed that finding, and following a well-known maxim of equity, we must consider that he did so.

"His power of deciding as to the time or times of payment died with him, and the administration of his estate should be conducted by the probate court and the executors of his will on the basis of that finding.

"A decree may be made accordingly with costs to the plaintiffs."

The decree was entered in accordance with this opinion, and directing that a certified copy thereof be filed in the estate of Patrick Chambers in said probate court, and that distribution be made accordingly. Costs were awarded to the plaintiffs. The defendants have appealed, and it is their contention that the testator's desire was clearly expressed in Patrick Chambers' will, and that it is the duty of the court to carry it out. It is further claimed that the opinion of the circuit judge was based upon evidence which was im-

material and should not have been considered at all in the case; that the testator created a power in Michael Chambers, granting him the right to dispose of the property in the manner in which he has disposed of it by the "determination" made; and many authorities are cited and reviewed by counsel in support of their claim, that Michael Chambers was made donee of the power. Such authorities are not controlling of the meritorious question here.

We are of the opinion that there was material evidence to support the finding of the circuit judge, and that such evidence warranted the conclusion reached by him. While, technically speaking, the bill of complaint was filed to obtain a construction of said will, there are sufficient facts alleged which, together with the prayers for relief, including the general prayer, justified the court in holding the case, and in entering the final decree therein.

It is elementary doctrine that a trustee, having accepted the trust, is bound to execute it faithfully; and a court of equity has power to enforce its execution in behalf of the *cestui que trust*. 3 Story's Equity Jurisprudence (14th Ed.), §§ 445, 446; *Sands* v. *Codwise*, 4 Johns. (N. Y.) 536.

Where a trustee has accepted the trust, equity, so long as it is possible for it to do so, will not permit the trustee to defeat the trust by his wrongful act, and will afford relief by a faithful execution of the trust for the preservation and enforcement of rights depending upon and derivable from it. The trustee is called upon to exercise a proper and honest judgment considering the nature and object of the trust. The trustee must act for the beneficiaries and not for himself in antagonism of the interests of the beneficiaries. He is prohibited from using the advantage of his position to gain any benefit for himself at the expense of the *cestui que trust*, and from placing himself in

any position where his self-interest will, or may, conflict with his duties as trustee.

The evidence of the surrounding circumstances existing when Patrick Chambers made his will, all indicate that he knew he had received from the estate of his brother, John Chambers, a substantial amount of property. That amount had been determined by a court of competent jurisdiction before the so-called "determination" of Michael was made. Michael was one of the residuary legatees under Patrick's will; he knew that every dollar which was taken from the plaintiffs out of said estate would enhance his own legacy, as such residuary legatee.

A fair construction of the bill of complaint and its prayers is, that plaintiffs are here seeking to cancel, or have set aside, the so-called "determination" of Michael Chambers. That instrument, itself, is very significant in its language. Taken as a whole, it shows that he sought to justify his conduct by reason of the courts having already decided that he and his co-executor had not properly administered the estate of John Chambers, and the court had charged them with compound interest and refused them compensation, and he gives this as his reason for his "determination." Such reason was strong evidence of his bad faith. It is apparent upon its face that the reasons which he gave did not justify him in making such "determination"; that the said "determination" was not made in good faith—that good faith which he, as trustee, was bound to exercise, but was an arbitrary and unjust attempt to divert and dispose of the interest which plaintiffs were entitled to receive from Patrick's estate. This conduct of Michael in that regard was such as naturally to shock the conscience of the chancellor, and we are not surprised that the court found that Michael Chambers abused his fiduciary relation to these plaintiffs. The record shows that Michael Cham-

bers is deceased, and no determination can, of course, be made by him now, and that duty rests upon a court of equity to dispose of the question involved.

The decree of the circuit court is affirmed, with costs to the plaintiffs.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred.