Deceased died intestate on May 9, 1930, leaving an estate worth approximately $100,000. His heirs at law were Ada Harris, daughter, Ray Allwardt, son, and Robert Allwardt, a minor grandson, the two latter of whom are petitioners and appellants herein.
On June 17, 1930, the defendant bank, appellee, was appointed administrator of the estate.
On September 4, 1930, an inventory and appraisal was filed in the probate court showing real estate of the value of $45,600 and personal estate of the value of $56,238.81. The latter consisted of 389 shares of Guardian Detroit Union Group stock, appraised at $46,680; 231-3/5 shares of Peerless Portland Cement Co. stock, appraised at $1,852; other stock of divers corporations and other personal assets.
On October 17, 1930, the probate court entered its order allowing claims against the estate in the amount of $18,919.73, which order contained a provision, reciting that whereas it appeared that the administrator had sufficient assets of the estate in his possession to pay all the debts thereof, that it should pay such debts within 60 days therefrom.
The administrator filed its first annual account on May 20, 1931, which was allowed on June 12, 1931, no objection being made thereto. Likewise the year following, its second annual account was filed and allowed without objection. Similarly did it file its third annual account, which was allowed, without objection, on June 28, 1933. In each account the Guardian Group stock was reported at the value of $46,680, whereas its value had been steadily decreasing until it became worthless.
On July 25, 1933, appellant Ray Allwardt, as one of the heirs of the estate, filed his petition, (which *Page 82 
was later joined in by the minor heir, Robert Allwardt, through his guardian) charging the administrator with failure and neglect of duty and illegality of action in its handling of the affairs of the estate, especially the Guardian Group stock, whereby the heirs of such estate had suffered heavy loss, and praying that the administrator be required to file its final account, and that it be surcharged with all loss suffered by the estate because of the alleged neglect of duty upon the part of the administrator. The petition also sought the removal of the administrator and the substitution of another in its stead.
The administrator filed its answer to such petition, admitting the depletion of the value of the estate, but asserting that it acted in a manner which it considered to be for the best interests of the estate, and "that in the administration thereof it acted with the utmost good faith," and for that reason it "should not be removed as administrator nor surcharged with any losses by reason of the retention of personal property rather than selling same."
To this appellants filed their reply, denying, among other things, that the administrator acted in the "utmost good faith."
The probate court, after a hearing thereon denied the petition. Appellants thereupon appealed to the circuit court. After appeal to the circuit, the administrator petitioned the court to remove the case from the docket as a civil jury case and place the same on the docket as a non-jury civil case. The court, in its opinion denying the petition, stated:
"Upon examination of the pleadings as filed in said case, it appears that there are a number of disputed questions of fact and the appellants have the right under the statute and decisions * * * to have the same submitted to a jury, under an issue to be framed by the court." *Page 83 
Thereafter the case came on for trial. The court, with counsel for both parties before it, proceeded to go over the petition of appellants, for the stated purpose of framing the issues thereon. Practically all of the allegations of the petitioners were either admitted by counsel for the administrator or decided to be a question for determination by the court, until the following occurred:
"The Court: As to (paragraph) 4-E what would you say the issue is?
"Mr. Onen: I would say that the issue under that is whether or not the City National Bank, as administrator of the estate, and its officers and those in charge of the administration of this estate exercised that care, prudence and judgment which a man of fair average capacity and ability brings to bear in the transaction of his own business, and that that furnishes the standard by which the administrator in the performance of his trust duties shall be governed, and that in this case the officers and those in charge of the administration of the estate handled the sale of the Guardian Group stock belonging to this estate in the same manner as they held (handled) stock in that same company for themselves. And that in addition to that they thought it was bad judgment to sell the stock when it had so decreased in value from the appraised value at the time they were appointed administrators and they thought it would increase in value over its then market value.
"Mr. Fitzgerald: That is as to the administrator's good faith.
(Consultation)
"The Court: If you claim there are any disputed questions of fact over anything state it on the record and then I will pass upon them and decide whether they are disputed questions of fact that are material; then you will have an exception to my ruling and have your record. *Page 84 
"Mr. Fitzgerald: I think that would facilitate matters but we do not want to waive our rights.
"Mr. Jackson: If the question of good faith is material we claim it is a question of fact for the jury, whether in good faith he exercised good judgment.
"We claim also that it is a question of fact to be passed upon by a jury as to the amount with which the administrator should be surcharged, and also how much damage the estate has suffered from what we claim is the negligent conduct of the administrator in the handling of this estate.
"That, if it be material, it is a question of fact whether Ray Allwardt ever consented to the retention of the Guardian stock by the administrator.
"Mr. Onen: I claim that the issues raised by Mr. Jackson are issues that are to be decided in the discretion of the court, and that as to matters of discretion it would be improper to submit the same to the determination of a jury.
"The Court: I think that after going over these pleadings this afternoon paragraph by paragraph we have eliminated all material questions of fact with the exception of those matters as are to be decided by the court. Therefore I will deny Mr. Jackson's request to submit those matters to a jury as questions of fact at this time. Of course you have an exception."
The court thereupon proceeded to trial without a jury. Much testimony was introduced relative to the issues. The court, at its conclusion, affirmed the judgment of the probate court.
In a lengthy opinion, the trial judge, in discussing the issues, said:
"It is the claim of the appellants * * * that the * * * administrator * * * is guilty of 'waste' in the handling of the assets of said estate, and/or is legally liable for the loss suffered by said estate." *Page 85 
He said further:
"The acts of waste complained of by the appellants in this case are: (1) The failure of the administrator to sell the personal property of said estate, to wit: the 389 shares of stock in the Guardian Detroit Union Group, and the retention thereof until such personal property has depreciated to such an extent that it is now worthless, and (2) The wilful and deliberate failure of the administrator to sell sufficient of the assets of said estate to pay the debts and claims allowed against said estate within 60 days after their allowance, as ordered by the court.
"In other words, the appellants contend that the administrator had certain statutory duties to perform and that it wilfully and deliberately failed and neglected to observe such duties, and that such failure has caused loss and damage to said estate, and by reason thereof the administrator is guilty of what the statute terms as 'waste.'
"The administrator claims that it has acted honestly and in good faith in the administration of said estate and has exercised the care, prudence and judgment which men of fair average capacity and ability would have exercised in the performance of its duty as administrator in such a case, and is not therefore guilty of any waste or neglect in the administration of said estate, and is not liable for the loss sustained by said estate; that said loss was due entirely to the economic depression and the unforeseen events that have followed the same."
Further, in his opinion, the court stated:
"Was it acting in good faith in retaining said stock and not disposing of it; or was it controlled in its actions by a purely personal interest because of the fact that it was interested in the welfare of the company which issued said stock? I am of the opinion that the administrator was acting in good faith in the exercise of its judgment in said matter." *Page 86 
In summing up his opinion he stated:
"After due consideration of all the testimony in the case I find that the City National Bank Trust Company, as administrator of said estate, has acted honestly and in good faith in the administration of said estate."
On appeal, appellants contend that the court was in error in denying them a trial by jury of the good faith" issue.
The administrator counters by saying that its "good faith" in its actions of which complaint is made, and the "propriety" of such actions, is a judicial and not a jury question. It cites us to In re Bristol, 199 Mich. 453; Gott v. Culp, 45 Mich. 265
and Wisner v. Mabley, 70 Mich. 271, and like cases, which it claims support its contention. These cases may readily be distinguished from the case at bar.
In the Bristol Case, the question of denial of jury trial was not raised. The other cases cited have to do with the "propriety" or the "discretion" of the respective administrator or trustee.
Here we have an issue which calls for a determination of the good faith of the administrator. That such an issue prevailed is evident from a reading of the hereinbefore quoted statements of the court and counsel while framing the issues, as well as from the quoted portions of the opinion of the trial court. Not only did the court there outline such an issue, but it decided the same.
This we believe, it had no right to do. Such issue was for a jury. 3 Comp. Laws 1929, § 15968; Grovier v. Hall, 23 Mich. 7;In re Estate of Stebbins, 94 Mich. 304 (34 Am. St. Rep. 345);Morton v. Johnston, 124 Mich. 561; Homrich v.Allegan Circuit Judge, 238 Mich. 308. *Page 87 
The failure of the trial court to submit this issue to a jury we think results in reversible error.
Other errors are assigned but we will not here consider them, for we think the question of the administrator's good faith to be such an integral part of those assignments, that decision thereon must await the determination of such "good faith" issue by a jury.
The judgment below is reversed and a new trial ordered, with costs to appellants.
NORTH, C.J., and FEAD, WIEST, BUTZEL, BUSHNELL and SHARPE, JJ., concurred. POTTER, J., did not sit.