HERTZ v. MIKLOWSKI.

1. TRUSTS—DUTY OF TRUSTEE.
   It is the duty of a trustee to exercise special care with respect
   to his trust, the standard imposed upon him being the
   honesty, faithfulness, and sound discretion of a prudent trustee
   measured at the time of his action.

2. SAME—BREACH OF DUTY BY TRUSTEE.
   A claimed breach of duty by a trustee must be tested by the
   facts of each case.

3. SAME—LIENS—PAYMENT—ADVICE OF TRUSTEE.
   As to adult beneficiary a trustee was relieved from further re-
   sponsibility when he advised her that there were no assets
   available in the trust estate to pay lien on share of which she
   and her minor daughter were beneficial owners and requested
   the mother to pay the lien on almost worthless tract of land.

4. SAME—MINOR BENEFICIARY.
   Trustees of an estate in which a minor has the beneficial interest
   are held to the strictest accountability.

5. SAME—MINOR BENEFICIARY—GUARDIAN AD LITEM—BREACH OF
   TRUST.
   Where, although interest of minor beneficiary in trust property
   was practically worthless at time trustee advised minor's
   mother to pay lien thereon as there were no assets in the trust
   estate with which to do so, mother failed to pay lien and
   trustee failed to have guardian *ad litem* appointed and obtain
   permission to abandon her interest in the trust, the trustee's
   nonaction was a breach of the trust.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 54 Am Jur, Trusts, §§ 321–324.
[3] 54 Am Jur, Trusts, § 330 *et seq.*
[4] 54 Am Jur, Trusts, § 276.
[5] 54 Am Jur, Trusts, § 339.
[5–7] 27 Am Jur, Infants, § 121.
[6] 54 Am Jur, Trusts, §§ 334, 508.
[7] 40 Am Jur, Partition, § 131.

6. SAME—FINAL ACCOUNT—MINOR BENEFICIARY.
    Trustee's final account was not final as to minor beneficiary
    where no duly-appointed guardian *ad litem* assented, was
    heard or given notice, since the minor was legally incompetent
    (CL 1948, § 704.39).

7. SAME—MINORS—PARTITION—SALES—BONA FIDE PURCHASERS.
    Where no guardian *ad litem* was appointed for minor beneficiary
    of trust incident to partition of property and imposition of
    lien upon trust property and sale for satisfaction of the lien,
    finding of court that purchasers at such sale were bona fide
    purchasers *held*, error as to such minor.

Appeal from Macomb; Noe (Alton H.), J. Submitted October 5, 1949. (Docket No. 29, Calendar No. 44,526.) Decided January 9, 1950.

Bill by Martha Keiser Hertz and Dorothy L. Hertz against Maria Miklowski and others to set aside a deed on sheriff's sale and for an accounting. Decree for defendants. Plaintiffs appeal. Reversed and remanded.

*Richard S. Weber,* for plaintiffs.

*Guy L. Frost,* for defendant Miklowski.

*Neale & Hirt,* for defendant Hesse.

*Charles A. Retzlaff,* for defendants Miller.

SHARPE, J. Plaintiff Martha Keiser Hertz is one of the 4 daughters of Dorathea Keiser. Plaintiff Dorothy L. Hertz is the daughter of Martha. Both are beneficiaries under Dorathea's will, which was admitted to probate in 1928. A part of her estate consisted of the "north 1/2 of the S 1/4 of the SE 1/4, section 31, T. 1 N., R. 12 E., Macomb county, containing 20 acres, more or less."

Dorathea made certain bequests and gave the residue of her estate in 4 equal shares to her children. Three of these shares were devised absolutely, but the fourth was in trust to the Guaranty Trust Company, of Detroit, for her daughter Martha and her granddaughter Dorothy. Martha was to receive certain income and Dorothy was to receive the corpus of the trust upon reaching her 25th birthday.

In 1931, a bill was filed for partition of the land. The partition decree divided the land into 4 parcels and imposed a lien upon Martha's trust parcel for her share of taxes that had been paid by her sisters, Maria Miklowski and Louise Stolzenfeld.

Defendant Robert J. Hesse was appointed successor trustee on June 27, 1932. He and Hatfield, Hall and Wood, attorneys for Guaranty Trust Company, had subscribed the bill for partition.

The lien imposed upon the trust parcel was not paid, an execution was issued and this property sold by the sheriff at public auction on September 12, 1933. Hatfield, Hall and Wood, who purchased the property for $202.65, then conveyed by quitclaim deed to defendant Maria Miklowski. She later sold the land on contract to defendants Ray Miller and Pearl Miller, his wife.

When Hesse filed a "final" account as trustee on December 20, 1934, he recited therein the levy and sale, and added: "Thus the interest of this beneficiary and one other sister, Minnie Minda, in said lands has apparently been terminated."

The exhibit from which we have just quoted does not indicate the name of the estate of which Hesse was then trustee. He apparently continued to act in the matter, because the record contains an annual account allowed on April 11, 1940, in which an abandonment of a promissory note was permitted by the probate judge. This order was approved as to form and substance by a guardian *ad litem* for Dorothea

(*sic*) Hertz, described as a minor contingent beneficiary.

Plaintiffs charge defendants with unlawfully divesting them of their property and ask that the sheriff sale be held invalid. They also seek an accounting and the removal of Hesse as trustee.

It is fundamental that the duty of a trustee is to exercise special care with respect to his trust. The standard imposed upon him is that of the honesty, faithfulness, and sound discretion of a prudent trustee measured at the time of his action. *In re Buhl's Estate*, 211 Mich 124 (12 ALR 569), and *Roberts* v. *Michigan Trust Co.*, 273 Mich 91.

A claimed breach of duty must be tested by the facts of each case. *Lawrence* v. *First National Bank & Trust Company of Kalamazoo*, 266 Mich 199, and *In re Culhane's Estate*, 269 Mich 68.

The testimony shows no breach of duty by defendant Hesse as to plaintiff Martha Hertz. When the land was partitioned in 1932, it was almost worthless. The property consisted of unimproved, wooded land, off the main road. No assets were available in the trust estate to pay the lien, nor could the property have been mortgaged. The trustee acted prudently when he advised Martha of the situation and requested her to pay the lien. Her refusal relieved him from further responsibility as to her interest.

A different situation exists, however, with respect to plaintiff Dorothy Hertz. Despite the then low value of the property and the lack of resources in the trust estate with which to protect it, Dorothy, who was then a minor, should have been apprised of the situation in the manner required by law. Minors are especially protected and their trustees held to the strictest accountability. *Gibney* v. *Allen,* 156 Mich 301, 311. The minor herself could not consent, nor could her mother's refusal to satisfy the lien

deprive Dorothy of her rights. A guardian *ad litem* should have been appointed and permission obtained from the court to abandon her interest in the property. Hesse's nonaction was a breach of trust.

The trial judge erred in holding that the order of the probate court allowing the trustee's account was final as to Dorothy. She was legally incompetent, and no duly-appointed guardian assented, was heard, or was given notice. CL 1948, § 704.39 (Stat Ann § 27.3178 [290]), and *Grigg* v. *Hanna,* 283 Mich 443, 456.

The holding that Maria Miklowski and the Millers were bona fide purchasers apparently is based on the finality of the probate order. This, also, was erroneous.

The decree dismissing plaintiff's bill of complaint is vacated. The cause is remanded for such further proceedings as may be deemed necessary but not inconsistent with this opinion. Costs to appellants.

REID, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred with SHARPE, J. BOYLES, C. J., concurred in the result.