579 N.W.2d 73 (1998)
457 Mich. 371
In re Frances Williams MESSER TRUST, Dated January 10, 1939.
OLD KENT BANK, Trustee, Petitioner-Appellant,
v.
REMAINDER BENEFICIARIES, Respondents-Appellees.
Docket No. 106816, Calendar No. 9.
Supreme Court of Michigan.
Argued December 11, 1997.
Decided May 19, 1998.
Warner, Norcross & Judd, L.L.P. by Roger M. Clark and Elizabeth M. Topliffe, Grand Rapids, for Petitioner-Appellant and Cross-Appellees.
Boyden, Waddell, Timmons & Dilley, P.L.C. by Robert C. Timmons, Grand Rapids, for Respondents-Appellees.
Donald C. Heikkenen, Lansing, amicus curiae for Michigan Bankers Association.
Patricia Gormerly Prince, Birmingham, amicus curiae for Probate and Estate Planning Section Council State Bar of Michigan.

OPINION
MALLETT, Justice.
We granted leave in this case to determine whether the remainder beneficiaries of an inter vivos trust are entitled to a jury trial in probate court of the issues whether the trustee acted in good faith, with ordinary diligence, and with prudence while maintaining the trust corpus. We hold that the remainder beneficiaries are entitled to a jury trial on all factual issues except the issue of the *74 trustee's prudence, because that determination is properly left to the probate court. The Court of Appeals is reversed in part and this case is remanded to the Kent County Probate Court for a jury trial on any remaining factual issues.

I
On January 10, 1939, a trust agreement was established between Frances Williams Messer, the grantor, the Michigan Trust Company, as the corporate fiduciary, and Maurice A. Lambie, as the individual trustee. Old Kent Bank, the appellant herein, is the successor corporation to the Michigan Trust Company and was the sole trustee during the period relevant to this law suit.[1]
An inter vivos trust[2] was established for the benefit of the settlor's son, John Messer, to provide income during his lifetime. The trust also provided that upon John Messer's death, the trust was to terminate and the remainder of the trust corpus was to be divided among his three children. John Messer died in 1991 and his children, the appellees herein, are the remainder beneficiaries.
Frances Messer initially funded the trust with notes, mortgages, bonds, stocks, and cash in the amount of $107,468.61. Part of the stock funding included 1,085 shares of E. Tyden A B, Inc., valued at nearly $57,000.[3] The Tyden Corporation was founded by Frances Messer's father and a Mr. Tyden. The trust agreement contained a restriction that prohibited the trustee from selling any Tyden stock without the prior consent of Frances Messer's son-in-law. When the sonin-law died, the absolute restriction was replaced by a provision in the trust agreement in which the settlor expressed a nonbinding preference for the retention of her industrial stocks.[4]
Between 1981 and 1989, in five separate transactions, the trustee sold portions of the Tyden stock back to the corporation, allegedly to reduce the proportion of trust assets represented by the Tyden stock. Evidently, the price of each sale was dictated by Tyden and ranged from thirty-five to sixty percent below the book value of the stock.
In April, 1991, John Messer died. The trustee soon thereafter distributed the remaining assets to John Messer's children, the remainder beneficiaries, pursuant to the terms of the trust agreement. The trustee also rendered a final accounting, petitioned the Kent County Probate Court to approve the accounting, and requested to be discharged from further obligations in relation to the trust.
The remainder beneficiaries objected to the trustee's accounting and claimed the trustee should be surcharged for imprudent management of the trust assets. In addition to filing their objections, the remainder beneficiaries filed a jury demand as well. The trustee argued that the remainder beneficiaries had no right to a jury trial because inter vivos trusts were based on equitable principles and, therefore, no right to a jury trial existed. The probate court struck the jury demand because it held factual issues in an equitable proceeding were governed by the laws of equity and therefore were to be resolved by the trial court as the trier of fact. Following a bench trial, the probate court ruled that the trustee acted with reasonable prudence in handling the Tyden stock portion of the trust assets. It then entered an order both approving the trustee's final accounting and granting its request to be discharged.
*75 The remainder beneficiaries appealed and claimed the probate court erred by denying their demand for a jury trial and by not finding error in the trustee's management of the trust. The Court of Appeals reversed the decision of the probate court and remanded the case for a jury trial. It held, under In re Allwardt's Estate, 278 Mich. 80, 270 N.W. 223 (1936), that trust beneficiaries have the right to a jury trial regarding whether the trustee acted imprudently when dealing with trust assets.[5] Applying In re Allwardt's Estate to the facts of this case, it concluded that the remainder beneficiaries provided sufficient evidence to allow a jury to decide whether the trustee acted imprudently. The trustee appealed, and we granted leave.[6]

II
The first Probate Code of this state was enacted by the Legislature in 1838, the year after the state was founded. During the first one hundred and forty years after its enactment, the Probate Code was the subject of several major revisions and modifications. Some of these revisions, both the remainder beneficiaries and the trustee contend, determine the outcome of this case. In order to fully comprehend the parties' arguments as they relate to the issues in this case, it is necessary to understand the Probate Code both as it existed in 1838, and as it exists today following its various amendments.
The Probate Code in its original form, 1838 C.L., part 3, tit. 1, chap. 4, § 3, provided jurisdiction in the probate court for all issues relating to
the probate of wills, and to grant administration of the estates of all persons deceased,... and of all who shall die without the state, leaving any estate to be administered within such county; and also to appoint guardians to minors and others in cases prescribed by law.
This grant of jurisdiction encompassed only testamentary trusts,[7] decedent's estates, and guardianships. Inter vivos trusts, because they were not statutorily created, but were instead created by common-law principles, were not subject to the jurisdiction of the probate court. Section 21 provided for appeals from the probate court to the Supreme Court. Section 31 provided that if, during such an appeal, "any question of fact shall occur, that is proper for a trial by jury," the Supreme Court was to order a jury trial of those issues.
A similar provision was found in the Complied Laws of 1857. However, one substantial change did occur. Under 1857 CL 3631, any appeal from a probate court was no longer to be filed in the Supreme Court, but instead was to be filed in the circuit court. 1857 CL 3635 provided a right to a jury trial de novo regarding factual issues appealed from the probate court:
When such certified copy shall have been filed in the Circuit Court, with the evidence of filing the requisite bond, and of giving notice as aforesaid, such Court shall proceed to the trial and determination of the question according to the rules of law; and if there shall be any question of fact to be decided, issue may be joined thereon, under the direction of the Court, and a trial thereof had by jury.
Hence, after 1857, the circuit court, not the Supreme Court, had jurisdiction over an appeal from a disputed issue of fact as it related to a testamentary trust. No other substantive changes to the Probate Code that involved questions of fact occurred until 1971.
In 1970, the Legislature enacted the precursor to what is now M.C.L. § 600.857(1); *76 M.S.A. § 27A.857(1).[8] The current section provides:
If a party to a proceeding in the probate court would have had a right before January 1, 1971 to demand a jury to determine a particular issue of fact in the circuit court upon a de novo appeal from that proceeding to the circuit court, that party shall on and after January 1, 1971 have the right to demand a jury to determine that issue of fact in the probate court proceeding.
This amendment applied only to testamentary trusts and not to inter vivos trusts. As is evident, the one change in the section was to extend the right to jury trials regarding questions of fact determinable in the circuit court to the probate court.
Finally, in 1978, the Revised Probate Code, M.C.L. § 700.1 et seq.; M.S.A. § 27.5001 et seq., was enacted. Pursuant to M.C.L. § 700.805; M.S.A. § 27.5805, for the first time, the probate court's jurisdiction was extended to include inter vivos trusts. M.C.L. § 700.805(1); M.S.A. § 27.5805(1) provides:
The probate court has exclusive jurisdiction of proceedings initiated by interested parties concerning the internal affairs of all trusts. Proceedings which may be maintained under this section are those concerning the administration and distribution of a trust, the declaration of rights, and the determination of other matters involving trustees and beneficiaries of a trust. [Emphasis added.]
This is significant because, as noted above, before this time, the probate court had jurisdiction over testamentary trusts only, not over inter vivos trusts. By combining the two, the Legislature granted exclusive jurisdiction to the probate court over the internal affairs of all trusts. The Legislature also retained the provision that allowed jury trials in probate courts. M.C.L. § 600.857(1); M.S.A. § 27A.857(1).
With this background in mind, we now apply the law, as the Legislature intended when it enacted the Revised Probate Code, to the facts of this case.

III

A
We wish to note that both parties have provided compelling arguments to support their respective positions. However, because all types of trusts are now governed by statute, we must, in reaching our decision, apply the statute as written. It is well established that the primary goal of judicial interpretation of statutes is to give effect to the intent of the Legislature. In re Certified Question, 433 Mich. 710, 722, 449 N.W.2d 660 (1989). It is also well established that the Legislature is presumed to be familiar with the rules and that provisions of a statute must be construed in light of other provisions of the statute to carry out the intent of the Legislature. Farrington v. Total Petroleum, Inc., 442 Mich. 201, 209, 501 N.W.2d 76 (1993).
The standard of care that trustees in this state are held to is the "prudent person" rule. M.C.L. § 700.813; M.S.A. § 27.5813. A trustee is expected to "observe the standards in dealing with the trust assets that would be observed by a prudent man dealing with the property of another, and if the trustee has special skills or is named trustee on the basis of representations of special skills or expertise, he is under a duty to use those skills." Id. In addition, this Court has held prudence means acting with care, diligence, "integrity, fidelity and sound business judgment." In re Buhl's Estate, 211 Mich. 124, 132, 178 N.W. 651 (1920); In re Green Charitable Trust, 172 Mich.App. 298, 431 N.W.2d 492 (1988).[9]
Prior decisions of this Court have held that the issue of prudence has never been a question of fact for the jury, even in cases involving testamentary trusts. In In re Allwardt's Estate, supra, we held that the determination of the administrator's good faith should have been submitted to the jury. We also noted *77 that it was improper to submit issues of a trustee's or an administrator's propriety and discretion to the jury. Id. See also Wisner v. Mabley's Estate, 70 Mich. 271, 38 N.W. 262 (1888), and Gott v. Culp, 45 Mich. 265, 7 N.W. 767 (1881).
In Wisner, the executor of an estate filed a motion in the probate court for payment of "extraordinary services, involving unusual difficulty and responsibility, not required in the common course of duties in the settlement of an estate." Id. at 273-274, 38 N.W. 262. Evidently, the executor deemed the extra services essential to the maintenance of the trust. The probate and circuit judges ordered payment for the services, and the devisee of the will appealed to this Court. She claimed that the executor was not deserving of the additional compensation and a jury should have determined the issue. We disagreed. In support of our decision, we stated:
There was no error in the ruling denying the motion for a jury. In this class of cases, in all matters where the executor or administrator is required by the statute to use his discretion as to what he shall do, the question is not one for the jury, nor is the discretionary power of the court to be exercised, to be passed upon by them. [Id. at 277, 38 N.W. 262 (emphasis added).]
In reaching the result in that case, we relied on Gott v. Culp, supra. In Gott, the ward of a trust challenged her guardian's accounting. She specifically alleged that the guardian failed to invest her money properly, overcharged for expenses, and, generally, had disregard for his duty. Id. at 268-269, 7 N.W. 767. We disposed of these issues in the following manner:
[A guardian's accounting] involves not merely the ordinary items of debit and credit, but also considerations as to the propriety of charges and investments and as to the allowance of compensation, with which a jury cannot meddle.

* * *
Such questions of discretion in a case like this, might include the responsibility of the guardian for failure to keep investments, the necessity or propriety of exceeding the income, the rate of compensation, and some others. [Id. at 275-276, 7 N.W. 767 (emphasis added).]
Hence, it has been established in this state, at least as far back as 1881, that the issue of a trustee's or other fiduciary's prudence is not a question for a jury but, instead, a question for the probate court to decide.
The issue whether the trustee's prudence is properly decided by a jury or the probate court, as this Court's research has revealed, has not been widely addressed. Guidance on this topic, from case law from this and other jurisdictions, from various annotated resources, and from legal treatises, is sparse. However, one jurisdiction that has recently addressed this issue is New York.
In In re Janes Estate, 90 N.Y.2d 41, 47-48, 659 N.Y.S.2d 165, 681 N.E.2d 332 (1997), the New York Court of Appeals, the highest appellate court in that state, held that the coexecutor in that case acted imprudently when it failed to diversify the stock portfolio of the trust. The beneficiaries of the trust objected to the co-executors' failure to divest the trust of high concentrations of Eastman Kodak Company stock that began to rapidly lose value. The New York court provided the following analysis when it addressed the issue of a trustee's prudence:
No precise formula exists for determining whether the prudent person standard has been violated in a particular situation; rather, the determination depends on an examination of the facts and circumstances of each case.... In undertaking this inquiry, the court should engage in "'a balanced and perceptive analysis of [the fiduciary's] consideration and action in light of the history of each individual investment, viewed at the time of its action or its omission to act' ".... And, while a court should not view each act or omission aided or enlightened by hindsight ..., a court may, nevertheless, examine the fiduciary's conduct over the entire course of the investment in determining whether it has acted prudently.... Generally, whether a fiduciary has acted prudently is a factual determination to be made by the *78 trial court.... [Id. at 169, at 336 (emphasis added).]
Hence, in New York, in light of the above, the determination whether a trustee acted imprudently is a factual determination for the trial court. This rationale has been followed in other jurisdictions as well. See In re Cooper Estate, 81 Wash.App. 79, 913 P.2d 393 (1996); In re Ames Estate, 152 Wis.2d 217, 230-233, 448 N.W.2d 250 (1989) (holding that the prudent-person test is a mixed question of law and fact; what the trustee did or did not do is a question of fact, and what a reasonable trustee would have done is a legal question, both properly determined by the trial court). We believe the preceding analysis utilized by our sister states applies equally to trustees in our state. We now apply that analysis to the facts of this case.

B
The Court of Appeals in the instant case examined the "nature of the action" to determine whether a party "would have been traditionally afforded a right to a trial by jury." Unpublished opinion per curiam of the Court of Appeals, issued June 25, 1996 (Docket No. 174624), slip op. at 2. Its review indicated that, historically, jury trials were not afforded in equitable proceedings. Id. However, it indicated that it felt compelled to follow this Court's decision in In re Allwardt's Estate, supra, and remanded this case to the probate court for a jury trial with respect to the prudence issue.
In In re Allwardt's Estate, the administrator of an intestate estate filed an accounting to which the heirs of the estate objected and charged the administrator with failure and neglect of its duty in handling the affairs of the estate. 278 Mich. at 82, 270 N.W. 223. The heirs also requested that the administrator be surcharged for all losses suffered by the estate as a result of the administrator's failure to sell stock that rapidly lost value. They also cited an alleged lack of good faith on the part of the administrator that led to the decline of the value of the estate itself. Id. In reaching our decision that the heirs had a right to a jury trial regarding the issue of good faith, we relied on 1929 C.L. 15968, which provided for jury trials on appeal to the circuit court on questions of fact.
The trustee urges us to reverse the decision of the Court of Appeals because it believes In re Allwardt's Estate is distinguishable from the present case and therefore should not have been relied on by the Court of Appeals. First, the trustee asserts that because the issue in In re Allwardt's Estate involved a decedent's estate and not an inter vivos trust, the Court's analysis does not apply here. Next, it maintains that because inter vivos trusts originally were creatures of equity, the 1970 revision of the Probate Code[10] did not and could not extend the right to a jury trial to inter vivos trusts because, before 1971, inter vivos trusts were not within the jurisdiction of the probate court. Finally, the trustee argues alternatively that In re Allwardt's Estate held that the right to a jury trial exists only with respect to a trustee's good faith and not a trustee's prudence.
The remainder beneficiaries contend that In re Allwardt's Estate was correctly decided and, therefore, they are entitled to a jury trial regarding all factual issues related to the trustee's duty to the trust. In support of their argument, the beneficiaries maintain that when the Legislature enacted the Revised Probate Code in 1978, it included M.C.L. § 600.857(1); M.S.A. § 27A.857(1), a provision that allowed jury trials in the probate court with regard to questions of fact that was substantially similar to M.C.L. § 700.45d(1); M.S.A. § 27.3178(45.4)(1), its 1970 counterpart. Hence, when the 1978 code is read in its entirety, the beneficiaries claim it is clear they are entitled to a jury trial regarding questions of fact in any type of trust proceeding, not just with respect to issues of fact relating to testamentary trusts. They claim that the factual issues subject to a jury trial include whether the trustee acted in good faith, with ordinary diligence, and with prudence while performing its duties in relation to the trust.

*79 C
The remainder beneficiaries argue that when the Legislature enacted M.C.L. § 700.805(1); M.S.A. § 27.5805(1), which provided the probate court with exclusive jurisdiction over the internal affairs of all trusts, it also abolished any distinction between types of trusts. Otherwise stated, the former distinction between inter vivos trusts, once governed by the law of equity, and testamentary trusts, governed by statute, no longer exists. We agree.
The trustee contends that under M.C.L. § 600.857(1); M.S.A. § 27A.857(1), unless a party had right to demand a jury trial on appeal on factual issues before 1971, that party does not have that right now. It continues its analysis by stating that because before the 1978 revisions of the Probate Code, probate courts did not have jurisdiction over inter vivos trusts, no jury trial is available to the remainder beneficiaries in this case. We disagree because such an argument does not encompass the Legislature's intent underlying combining all trust issues in the probate court. When the Legislature included inter vivos trusts within the jurisdiction of the probate court, it included the jury trial provision as well. It easily could have omitted the jury trial provision when it revised the Probate Code in 1978. We think it telling that it did not.
All previous distinctions regarding the right to a jury between trusts created by equity and trusts created by law were abolished when the Legislature enacted M.C.L. § 700.805(1); M.S.A. § 27.5805(1). As noted above, the significance of M.C.L. § 600.857(1); M.S.A. § 27A.857(1), is that only those parties who, before the amendment, would have had the right to a jury trial on appeal regarding issues of fact in the circuit court, now have the right to a jury trial with respect to factual issues in the original proceeding, i.e., in the probate court. This, however, does not change the fact that, almost since the beginning of this state's jurisprudence, the issue of a trustee's prudence has been deemed by this Court to be a question to be determined by the trial court. Simply because an issue may arise from a trust that was historically based on equity or law is no longer of any significance.
Today's holding, we believe, has practical significance as well. The probate court, not a jury, is in the best position to make the determination whether a trustee has breached its duty under the prudent-person rule. In a situation such as this, where the language of the statute, M.C.L. § 700.813; M.S.A. § 27.5813, provides broad discretion to a trustee, any determination with respect to a breach of that decision-making process is best handled by the probate court. The court has the added benefit of day-to-day experience that makes it uniquely qualified to make such reasoned determinations.
The foregoing, however, should not be interpreted to be an attack on the jury process or an attempt to eliminate juries from sitting in the probate courts of this state. Indeed, the Legislature has seen fit to allow juries to resolve some factual disputes in this forum for nearly one hundred and fifty years. It is this Court's opinion, however, consistent with both case law and statutory mandate, that some issues are best left to the trial court for determination and not to a jury. The issue of a trustee's prudence in maintaining trust assets is one of those instances.[11]

IV
In conclusion, we hold that the issue of a trustee's prudence is a question for the trial court. All other factual issues are properly submitted as jury questions. This decision is based not only on case law of this state, but is in accord with the policy behind the Legislature's enactment of M.C.L. § 700.805(1); M.S.A. § 27.5805(1) as well. With the enactment of that section, and by retaining the jury trial provision of M.C.L. § 600.857(1); M.S.A. § 27A.857(1), the Legislature abolished all distinctions previously associated with inter vivos and testamentary trusts, allowing probate courts jurisdiction *80 over all trusts. The issue of a trustee's prudence, however, has traditionally been an issue for the trial court to decide, and this notion was not affected by the enactment of M.C.L. § 700.805(1); M.S.A. § 27.5805(1).
For the foregoing reasons, we reverse the decision of the Court of Appeals in part and remand the case to the Kent County Probate Court for a jury trial regarding any remaining factual issues.
BRICKLEY, MICHAEL F. CAVANAGH and MARILYN J. KELLY, JJ., concur with MALLETT, C.J.
WEAVER, Justice (concurring in part and dissenting in part).
I agree with the majority's holding that trustee prudence is not an issue triable by a jury. I write separately because I disagree with its reasoning in support of that conclusion. I also disagree with the majority's holding that trustee good faith is an issue for the jury. I would hold that, with respect to inter vivos trusts, both trustee prudence and trustee good faith are matters for the judge, not the jury, under the Revised Probate Code, M.C.L. § 700.1 et seq.; M.S.A. § 27.5001 et seq.
The question presented, whether these remainder beneficiaries of an inter vivos trust have a right to a jury trial of certain issues, should be determined by reference to M.C.L. § 600.857(1); M.S.A. § 27A.857(1).
Subsection 857(1), the only provision that directly addresses when a party before the probate court is entitled to a jury trial on a particular issue, provides in relevant part:
If a party to a proceeding in the probate court would have had a right before January 1, 1971 to demand to determine a particular issue of fact in the circuit court upon a de novo appeal from that proceeding to the circuit court, that party shall on and after January 1, 1971 have a right to demand a jury to determine that issue of fact in the probate court proceeding. [M.C.L. § 600.857(1); M.S.A. § 27A.857(1) ].
According to this subsection, a party in probate court only has a right to jury trial of a factual issue if such a right existed before 1971 on de novo appeal from the probate to the circuit court.[1]
In 1978, when the Legislature enacted the Revised Probate Code, M.C.L. § 700.1 et seq.; M.S.A. § 27.5001 et seq., subsection 857(1) remained unchanged. However, the Legislature enacted M.C.L. § 700.805(1); M.S.A. § 27.5805(1), which states in relevant part:
The probate court has exclusive jurisdiction of proceedings initiated by interested parties concerning the internal affairs of all trusts. Proceedings which may be maintained under this section are those concerning the administration and distribution of a trust, the declaration of rights, and the determination of other matters involving trustees and beneficiaries of a trust. [M.C.L. § 700.805(1); M.S.A. § 27.5805(1).]
As the majority recognizes, before 1978, inter vivos trusts were subject to circuit court, not probate court, jurisdiction.[2] Therefore, subsection *81 805(1) changed original jurisdiction of inter vivos trusts. However, it did not address when a right to a jury trial was available in probate court. Rather, the Revised Probate Code still relies on subsection 857(1), which, in turn, requires an historical analysis, with 1971 as the point of reference, to determine whether a particular issue is triable by a jury.
In this case, that historical analysis reveals that a right to a jury trial does not exist in probate court for inter vivos trust issues, including those at hand, trustee good faith and prudence. Before 1971, there was no right to a jury trial of any factual issue regarding an inter vivos trust because they were equitable instruments. Moreover, the circuit court had jurisdiction over inter vivos trusts until 1978, when the Probate Code was revised to provide the probate court with jurisdiction over all trusts. Section 857 merely preserves a right to a jury trial in those probate cases that would have had such a right in a de novo appeal before 1971. Inter vivos trusts were neither within the jurisdiction of the probate court nor subject to jury trials before 1971. Therefore, I would conclude that the jury trial provision, subsection 857(1), does not grant a right to a jury trial with respect to inter vivos trust issues, including those at issue in this case, trustee prudence and good faith.
For these reasons, I disagree with the majority's conclusion that, with the enactment of subsection 805(1), "and by retaining the jury trial provision of M.C.L. § 600.857(1); M.S.A. § 27A.857(1), the Legislature abolished all distinctions previously associated with inter vivos and testamentary trusts, allowing probate courts jurisdiction over all trusts." Op. at 79-80. This conclusion ignores the plain language of subsection 857(1), which preserves the distinctions that existed before 1971. Indeed, I find it significant that the Legislature did not amend subsection 857(1), or otherwise curtail the 1971 act provisions, when it amended subsection 805(1) in 1978.
I also find that the majority is incorrect in its assertion that the Legislature would have "omitted the jury trial provision when it revised the Probate Code in 1978" had it intended to preclude juries in inter vivos trust matters.[3] As discussed above, subsection 857(1) did not expand the right to a jury trial beyond its 1971 scope. The only reason the Legislature would need to amend subsection 857(1) would be if it wished to extend the right to a jury trial of certain issues regarding inter vivos trusts as well.
There simply is no clear manifestation of a legislative intent to destroy the long-recognized distinction between equitable, inter vivos trusts and legal, testamentary trusts.[4] Rather, I would find that subsection 857(1) manifests an intent to preserve this distinction even though all trusts are now under probate court jurisdiction by virtue of M.C.L. § 700.805(1); M.S.A. § 27.5805(1).
For these reasons, I would find that neither the prudence nor the good faith of an inter vivos trustee are issues triable by a jury because of the express provisions of *82 M.C.L. § 600.857(1); M.S.A. § 27A.857(1). I, therefore, concur only with the majority's holding that the prudence of the trustee of an inter vivos trust is not an issue for the jury. I dissent because I would further hold that the good faith of an inter vivos trustee is similarly not an issue for the jury. Accordingly, I would reverse the decision of the Court of Appeals and affirm the probate court's ruling that struck down the remainder beneficiaries' jury demand and found the trustee acted with reasonable prudence.
BOYLE and TAYLOR, JJ., concur with WEAVER, J.
NOTES
[1] The record indicates the individual trustee, Maurice Lambie, died before any of the events that gave rise to this law suit. Old Kent Bank has since succeeded the Michigan
[2] An inter vivos trust has be defined as follows:

Trust created by an instrument which becomes operative during the settlor's lifetime as contrasted with a testamentary trust which takes effect on the death of the settlor. [Black's Law Dictionary (6th ed.), p. 1511.]
[3] E. Tyden A B, Inc., is the successor corporation to the Viking Corporation, previously known as International Seal and Lock.
[4] The Tyden Corporation stock was classified as" founder's stock" and, evidently, had sentimental value to Frances Messer. Hence, a provision was placed in the trust agreement that delineated the specific treatment it was to be given by the trustees.
[5] The Court of Appeals reversed the probate court's order, but did so reluctantly, explaining, "We do so only because we are required to follow Supreme Court precedent. We urge the Supreme Court to reconsider its prior holdings on this issue which we consider to be wrongly decided." Unpublished opinion per curiam, issued June 25, 1996 (Docket No. 174624), slip op. at 1.
[6] 455 Mich. 867, 568 N.W.2d 82 (1997).
[7] Defined as:

Trust created within a will and executed with the formalities required of a will.... A trust which does not take effect until the death of the settlor. [Black's Law Dictionary (6th ed.), p. 1513.]
[8] The current section is substantially similar to the original section, M.C.L. § 700.45d(1); M.S.A. § 27.3178(45.4)(1), which was enacted by 1970 P.A. 143.
[9] Courts have also imposed fiduciary duties of honesty, loyalty, restraint from self-interest, and good faith. Hertz v. Miklowski, 326 Mich. 697, 40 N.W.2d 452 (1950).
[10] M.C.L. § 700.45d(1); M.S.A. § 27.3178(45.4)(1), currently cited as M.C.L. § 600.857(1); M.S.A. § 27A.857(1).
[11] We believe the public policy reasons underlying this rule to be sound as well. To allow a jury to determine the issue would potentially subject a trustee to the whim of every impatient or unsatisfied beneficiary who is displeased with the trustee's business decisions. That prospect is one that will benefit neither the trustees nor the beneficiaries of this state.
[1] The Probate Code was amended, effective January 1, 1971, by 1970 P.A. 143. This amendment eliminated the right to de novo review of a probate court order by the circuit court. However, the act preserved the limited statutory right to a jury trial available in those circuit court appeals by providing that, if a jury trial was available on de novo appeal from the probate to the circuit court before 1971, then a jury trial was available in the probate court proceeding on that issue after 1971.
[2] Because inter vivos trusts were nonstatutory instruments, only the circuit court, which had general powers over equitable matters, had jurisdiction over inter vivos trusts. M.C.L. § 600.601(2); M.S.A. § 27A.601(2). See, e.g., Detroit Trust Co. v. Blakely, 359 Mich. 621, 103 N.W.2d 413 (1960). Moreover, inter vivos trust instruments were not recognized and governed by statutes, but were equitable instruments created by the common law. As equitable instruments, disputes over inter vivos trusts were for the judge to resolve, not the jury. Abner A Wolf, Inc. v. Walch, 385 Mich. 253, 261, 188 N.W.2d 544 (1971).

The probate court's authority was and is statutory in nature; it has only those powers expressly granted by the Legislature. Kurant v. Higbee, Judge of Probate Court, 305 Mich. 411, 415, 9 N.W.2d 824 (1943). See also Chambers v. Chambers, 207 Mich. 129, 134, 173 N.W. 367 (1919); Van Etten v. Manufacturers Nat'l Bank of Detroit, 119 Mich.App. 277, 286-288, 326 N.W.2d 479 (1982) (equity jurisdiction has been lodged in circuit courts since 1846 and the Probate Code has set forth only specific instances in which the probate court has jurisdiction over equitable matters).
Before 1979, M.C.L. § 701.19(2); M.S.A. § 27.3178(19) gave the probate court jurisdiction over decedents' estates, guardianships, and "all trusts and trustees in the execution of wills and administration of estates of deceased persons." Probate courts, therefore, had no jurisdiction over an inter vivos trust, which is created, and becomes effective, during the grantor's lifetime, as opposed to a testamentary trust that is contained in a will and goes into effect at the testator's death. 76 Am.Jur.2d, Trusts, § 11, p. 41.
[3] Op. at 79.
[4] This Court has recognized that the "right to have equity controversies dealt with by equitable methods is as sacred as the right of trial by jury," 385 Mich. at 260, 188 N.W.2d 544 and that "the distinctions between law and equity must continue to be recognized for the purpose of preserving constitutional rights to trial by jury in legal matters and trial by court in equity matters." Id. at 261. 188 N.W.2d 544 Moreover, I would agree with the Court of Appeals claim that "matters in equity are not entitled to jury trials unless so preserved or created by the Legislature." In re Forfeiture of $1,159,420, 194 Mich.App. 134, 154-155, 486 N.W.2d 326 (1992). In this case, there is no such clear indication that the Legislature chose to recognize a right to a jury trial of certain inter vivos trust issues for the first time in our state's history.