*In re* TURPENING ESTATE

Docket No. 239614. Submitted September 9, 2003, at Lansing. Decided September 16, 2003, at 9:15 A.M.

> Bernice A. Turpening, personal representative of the estate of Dawn M. Turpening, deceased, petitioned the Eaton County Probate Court for a determination of the decedent's heirs that excludes the decedent's putative father, respondent Russell Howard. The court, Michael F. Skinner, J., determined that MCL 700.2114(4) precludes the respondent from inheriting from the decedent. The respondent appealed.
>
> The Court of Appeals *held*:
>
> MCL 700.2114(4) provides, "Inheritance from or through a child by either natural parent or his or her kindred is precluded unless that natural parent has openly treated the child as his or hers, and has not refused to support the child." In this case, where the respondent never acknowledged or visited the decedent before the decedent reached eighteen years of age and the respondent refused to support the decedent by denying her existence and that she was his child, the statute precludes inheritance by the respondent.
>
> Affirmed.

PARENT AND CHILD — NATURAL PARENT — INHERITANCE FROM CHILD.

> A parent who never acknowledged or visited his child before the child reached eighteen years of age, and who refused to support the child by denying the child's existence and his paternity, was precluded from inheriting from the child under the statute that provides that a natural parent cannot inherit from his or her child unless the parent has openly treated the child as his or hers and has not refused to support the child (MCL 700.2114[4]).

*Luke J. Roy* and *Stephanie R. Lang* for the petitioner.

*Graham A. Teague* for the respondent.

Before: SAWYER, P.J., and HOEKSTRA and MURRAY, JJ.

PER CURIAM. Respondent, decedent's putative father, appeals as of right a final order determining decedent's heirs. This case arises out of a dispute between petitioner, decedent's mother, and respondent over the interpretation of MCL 700.2114(4) and respondent's right to inherit from decedent. We affirm.

MCL 700.2114(4) provides, "Inheritance from or through a child by either natural parent or his or her kindred is precluded unless that natural parent has openly treated the child as his or hers, and has not refused to support the child." Statutory interpretation is a question of law that is reviewed de novo. *Miller v Mercy Mem Hosp*, 466 Mich 196, 201; 644 NW2d 730 (2002).

This is a case of first impression. MCL 700.2114(4) and Michigan case law do not define the phrases "openly treated the child as his" and "has not refused to support the child." To determine the statute's intent, the specific language of the statute must be examined. *In re MCI Telecommunications Complaint*, 460 Mich 396, 411; 596 NW2d 164 (1999). In construing a statute, this Court should give every word meaning, and should seek to avoid any construction that renders any part of a statute surplus or ineffectual. *Hoste v Shanty Creek Management, Inc*, 459 Mich 561, 574; 592 NW2d 360 (1999). MCL 700.2114(4) has two prongs that must be satisfied in order for a natural parent to be considered for intestate succession: (1) the parent must show that he openly held decedent out as his child and (2) that he did not refuse to support her.

Where the statute provides its own glossary, the terms must be applied as expressly defined. *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 136; 545

NW2d 642 (1996). "Child" is defined in MCL 700.1103(f) as including and "not limited to an individual entitled to take as a child under this act by intestate succession from the parent whose relationship is involved. Child does not include an individual who is only a stepchild, a foster child, or a grandchild or more remote descendant." Because this definition is inapplicable to the issue at hand, we look to the Child Abuse and Neglect Prevention Act and the Child Protection Law which both define "child" as "a person under 18 years of age." MCL 722.602(a); MCL 722.622(d).

Given the lack of guidance under Michigan law, we look to other states' case law interpreting statutes similar to MCL 700.2114(4) for guidance in defining "openly held decedent out as his child" and "did not refuse to support the child." In *Estate of Scheller v Pessetto*, 783 P2d 70, 75 (Utah App, 1989), the court explained that a

> father who has held the child out to the public or his family as his own, developed a custom of visiting the child at the mother's home, or accepted the child into his home for occasional brief visits would satisfy the statutory requirement of openly treating the child as his own.

The Mississippi Supreme Court in *Bullock v Thomas*, 659 So 2d 574, 575-576 (Miss, 1995), noted the father could not inherit from his child unless he satisfied *both* requirements of the statute: (1) that he openly treated the child as his and (2) that he did not refuse or neglect to support the child. *Id.* at 576. The court held that to acknowledge a child from time to time as one's own is not synonymous with openly treating the child as his own. *Id.* at 576-577. Because

the father failed to satisfy *both* prongs of the statute, the lower court's findings that the father was not an heir were sustained. *Id.* at 578.

Similarly, respondent failed to openly treat the decedent as his own. For the first thirty years of her life, he denied that he knew of her existence despite evidence to the contrary. Respondent first acknowledged the decedent's existence when she was thirty years old, and then for only a few years of her life. Because respondent never once acknowledged or visited the decedent when she was a child (i.e., before the decedent reached the age of eighteen), respondent cannot meet the first prong of the statute: that he openly treated the child as his own.

To determine the meaning of the phrase "refused to support the child," petitioner directs our attention to *House v Campbell*, 628 So 2d 448, 450 (Ala, 1993). The court made the distinction between "fail" to and "refuse" to provide support. The court stated, " 'refusal' is defined as follows: to deny, decline, reject. 'Fail' is distinguished from 'refuse' in that 'refuse' involves an act of the will, while 'fail' may be an act of inevitable necessity." *Id.* Correspondingly, the probate court in this case found that respondent refused to support the decedent. The decedent's grandmother testified at length that she asked respondent on numerous occasions to help the decedent's mother with support of the decedent. Each time respondent denied that the decedent was his child. Following the court's definition of "refuse," which is to deny, the probate court was correct in interpreting respondent's denial as a refusal on his part to support the decedent.

Respondent argues that this definition could be used to circumvent the putative father's right to inherit. We disagree. Respondent contends that unless the natural mother files for child support, there is never an order issued from the court to the putative father to pay support for his child. While this is true, a father is not limited to supporting his child only when a court orders him to do so. This would not have been an issue had respondent acknowledged, rather than denied, that the decedent was his daughter and voluntarily supported her. That is, the finding that respondent refused to support the decedent arises from his failure to acknowledge her as his daughter, not petitioner's failure to obtain a child support order.

In conclusion, we look to the language of the statute, and if it is clear and unambiguous, we are bound to apply it as written. *In re Messer Trust*, 457 Mich 371, 379-380; 579 NW2d 73 (1998). The purpose expressed in MCL 700.1201 states in part, "This act shall be liberally construed and applied to promote . . . the following: (a) To simplify and clarify the law concerning the affairs of decedents, [and] . . . (e) To make the law uniform among the various jurisdictions, both within and outside of this state." Statutory language should be construed reasonably, with the purpose of the act kept strictly in mind. *Draprop Corp v Ann Arbor*, 247 Mich App 410, 415; 636 NW2d 787 (2001). Here, the statute's meaning is clear that a natural parent is barred from inheriting except if the natural parent "openly treated the child as his" *and* "has not refused to support the child." *Id.* Respondent presented no evidence that he openly treated the decedent as his own when she was a child, and the

evidence showed that respondent refused to support the decedent on numerous occasions by denying her existence and that she was his child. Therefore, we affirm.

Affirmed. Petitioner may tax costs.